SMITH v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. June 23, 1896.)

1. OFFICE AND OFFICER—WRONGFUL REMOVAL—RIGHT TO SALARY.
    Where an assistant sanitary inspector was removed, and afterwards reinstated because the removal was unlawful, and no one was appointed in his stead in the meantime, he is entitled to his salary from the time of his removal until his reinstatement, though he rendered no service during that time.

2. SAME—FILLING VACANCY.
    On an issue as to whether another person had been appointed assistant sanitary inspector in plaintiff's stead, after he had been wrongfully removed, a witness testified that another had been appointed in his place,

but on further examination stated that there were 20 of these inspectors, that their work was divided up differently at various times, and that it could not be said positively that one inspector holds a position for a certain district throughout the year. One of the inspectors testified that she had certain wards, and that she was relieved of them and assigned to other wards. *Held*, that such evidence was insufficient to show that a person appointed after plaintiff's removal was appointed to the position held by plaintiff.

Appeal from trial term, Kings county.

Action by Evan F. Smith against the city of Brooklyn to recover salary as assistant sanitary inspector. From a judgment entered on a verdict in favor of plaintiff for $487.29 damages and $151.46 costs and disbursements, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-LETT, and HATCH, JJ.

F. S. Angell, for appellant.
William P. Pickett, for respondent.

BROWN, P. J. This action was brought by the respondent to recover the salary attached to the office of assistant sanitary inspector in the department of health in the city of Brooklyn from April 1 to August 14, 1894. It was admitted by the answer that the respondent was appointed to the office in March, 1888, and that the annual salary was $1,200, payable in monthly installments, and the only denial in the answer was of the allegation that the plaintiff held the office until August 14th. As an affirmative defense it was alleged that the plaintiff's resignation of the office had been accepted on March 31, 1894, and that he rendered no services to the city after that date. It was decided by the general term of this department in Litt v. Emery, 80 Hun, 380, 29 N. Y. Supp. 1146, that the action of the health commissioner in dismissing a meat inspector from his department by accepting a resignation obtained under circumstances precisely similar to those under which the plaintiff's resignation was obtained was illegal, and upon the authority of that decision the plaintiff was, on the 14th day of August, 1894, reinstated in his position. For the purposes of this action, therefore, it must be assumed that the plaintiff was never legally removed from his position. At the close of the testimony counsel for both parties moved for a verdict, but, after the denial of the appellant's motion, the corporation counsel requested to go to the jury on the specific question whether the plaintiff's resignation was understood by himself and the commissioner as terminating his services, and upon the question whether he had rendered any services after his resignation was accepted. Upon the latter question there was no dispute that he had rendered no services, and that fact we assume was established. Upon the first question the court left it to the jury to determine whether the plaintiff acquiesced in the acceptance of the resignation, or whether he was ready at all times to perform the duties of the office, and instructed the jury that, if they answered the question in accordance with the plaintiff's contention, to render a verdict in his favor for the amount of the salary claimed. Up-

on the case as thus presented we are of the opinion that the appellant must fail upon this appeal. The respondent was not a simple employé or laborer, but an officer whose compensation was fixed, and accompanied the office until he was legally removed therefrom. Emmitt v. City of New York, 128 N. Y. 117, 28 N. E. 19. It does not appear that any other person was appointed to the position during the plaintiff's suspension from office. Such was the position taken by the corporation counsel at the trial. The following is an extract from the record upon this subject:

"Q. When Doctor Smith was removed, can you name any person who was put in his place? Mr. Angell (for the corporation counsel): I object to that. A. Yes, sir; Doctor Purdy. Mr. Angell: I object to that. There is nothing in this case that shows that Doctor Smith held a particular position. The Court: Your evidence is that he did, and somebody else has had to do his work. Mr. Angell: Yes, but at the same time there are twenty of these inspectors, and you can't tell whether the particular man is appointed for that place. The Court: The witness may answer. Mr. Angell: I except to that. By Mr. Angell: 'Q. The number of sanitary inspectors varies at times, does it not? A. Yes. Q. And the work is split up differently at various times? A. It is. Q. So that you can't say positively that one inspector holds a position for a certain district throughout the year, can you? A. No, sir; he does not."

Susan Remsen Pray, called and affirmed as a witness on behalf of defendant, testifies as follows:

"By Mr. Angell: I am an assistant sanitary inspector. I was assigned to the Nineteenth ward on the first day of June. I was relieved of another ward in order to take that ward. I had two other wards, and I took this and another ward. I had the Seventeenth and Fifteenth. I took the Nineteenth and sixteenth. Mr. Pickett: I move that that be stricken out, as not being competent or relevant. The Court: What is the competency? Mr. Angell: I desire to show by this witness that she has two wards. The Court: Haven't you just made a statement here that there were a number of inspectors, and that they were not assigned; that their duties were not of any specific nature? Mr. Angell: Yes. The Court: Haven't you made that statement two or three times, and is not that the fact that you want to rely on? Mr. Angell: I want to rely on that fact. The Court: Under your statement, I will rule the testimony out. I think it is incompetent and immaterial."

The present case is not like Terhune v. Mayor, etc., 88 N. Y. 247, where it appeared that after the removal of the plaintiff a new inspector was appointed in his place, who performed the duties of the office, and received the salary, and the court applied the rule that payment to a de facto officer while he is performing the duties of the office is a defense to the action brought by a de jure officer to recover the same salary. We are of the opinion that the present case is controlled by the principle applied in Pennie v. City of Brooklyn, 97 N. Y. 654; Langan v. City of Brooklyn, 98 N. Y. 623. The services which the respondent rendered were quite analogous to those of a fireman or a patrolman on the police force. The number of assistant sanitary inspectors was unlimited. They increased or decreased at the discretion of the commissioner. They were not assigned permanently to any one part of the city, and it is therefore impossible to say that any person was appointed to the particular position held by the plaintiff.

The judgment must be affirmed, with costs. All concur, except PRATT, J., not voting.