THE PEÓPLE OF THE STATE OF NEW YORK ex rel. THOMAS J.
PERCIVAL, Respondent, *v.* J. SERGEANT CRAM et al., Com-
missioners of Docks and Ferries of the City of New York,
Appellants.

1. CIVIL SERVICE — NEW YORK CITY — SUMMARY REMOVAL OF
EMPLOYEES.  Employees transferred to departments of the city of New
York pursuant to section 1536 of the Greater New York charter (L. 1897,
ch. 378), who were not subject to removal, without cause, before the
transfer, are given the same security of tenure they previously enjoyed,
but employees who, before the transfer, were removable at the pleasure
of the appointing power may be discharged without cause by the head of
the department to which they have been transferred.

2. DOCKMASTERS ARE PUBLIC OFFICERS.  Dockmasters in the depart-
ment of docks in the city of New York are public officers and not merely
clerks or employees, since the captain and harbor masters of the port, to
whose functions they succeeded, were unquestionably public officers, and
dockmasters are recognized as officers by section 848 of the charter provid-
ing that a dockmaster "shall not appoint any deputy, or assistant, or dele-
gate the powers of his office to any person or persons whatever."

3. VALIDITY OF RULE PROHIBITING SUMMARY REMOVALS.  Rule 42 of
the regulations of the municipal civil service commission of the city of
New York, forbidding the removal of any person in the classified serv-
ice until a statement of the causes of removal has been filed with the
commission and a copy of the same furnished to the person sought to
be removed, and until such person has been afforded an opportunity to
present an explanation in writing, is invalid, so far as it applies to a pub-
lic officer, *e. g.*, a dockmaster in the department of docks, whose term is
not prescribed, since article 10, section 3, of the Constitution provides that
when the duration of an office is not provided by the Constitution, it may
be declared by law, and if not so declared shall be held during the pleasure
of the authority making the appointment; and, assuming that such was
the statutory intent, the legislature cannot delegate its power to prescribe
the duration of term and permanence of tenure of public officers to the
civil service commission, nor can the term of an office be prescribed by its
regulation.

*People ex rel. Percival* v. *Cram*, 50 App. Div. 381, reversed.

(Argued June 5, 1900; decided October 2, 1900.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered

April 19, 1900, affirming an order of Special Term granting a peremptory writ of mandamus requiring the defendants to reinstate the relator in the position of dockmaster in the department of docks and ferries of the city of New York.

The facts, so far as material, are stated in the opinion.

*John Whalen, Corporation Counsel* (*William J. Carr* of counsel), for appellants. The commissioners of docks and ferries of the city of New York had power under the provisions of the Greater New York charter to remove the relator at their pleasure. (L. 1897, ch. 378, § 1536; *People ex rel.* v. *Robb*, 126 N. Y. 180; Const. N. Y. art. 10, § 3; *People ex rel.* v. *Van Wyck*, 157 N. Y. 495.) Rule 42 of the civil service commission, so far as it attempts to restrict a statutory right of removal, is void. (Cooley on Const. Lim. [5th ed.] 139, 241; *Rice* v. *Ehele*, 55 N. Y. 519; *Glenney* v. *Stedwell*, 64 N. Y. 122; *French* v. *Powers*, 80 N. Y. 147; *Gormerly* v. *McGlynn*, 84 N. Y. 284; *People ex rel.* v. *Grant*, 37 N. Y. S. R. 630; *People ex rel.* v. *Dalton*, 23 Misc. Rep. 296; 31 App. Div. 630; *People ex rel.* v. *Henry*, 47 App. Div. 133.)

*Joseph A. Burr* for respondent. The attempted dismissal of the relator was in violation of the provisions of the Greater New York charter, inasmuch as it was not for a cause shown after a hearing had. (L. 1897, ch. 378, §§ 127, 1536, 1543; *People ex rel.* v. *Fire Comrs.*, 72 N. Y. 445; *People ex rel.* v. *Fire Comrs.*, 73 N. Y. 440; *People ex rel.* v. *Thompson*, 94 N. Y. 451; *People ex rel.* v. *La Grange*, 2 App. Div. 444.) If the removal of the relator in this proceeding was not in violation of the provisions of the charter, it was in violation of rule 42 of the civil service rules. (L. 1899, ch. 370.)

Cullen, J. The relator at the time of the consolidation of the two cities was serving as a superintendent of docks in the office of the comptroller of the city of Brooklyn. Under the plan formulated by the mayors of the two cities and the county officers in the other consolidated territory, as pre-

scribed by section 1536 of the Greater New York Charter
(Chap. 378, Laws of 1897), he was transferred to service in
the comptroller's office in the city of New York.　There was
an error in this plan of transfer, for under the charter of the
consolidated city the control of the docks did not fall within
the department of the comptroller.　An amended plan of
transfer was thereafter made by which the relator was assigned
as dockmaster in the department of docks.　Subsequently
the relator was summarily discharged by the commissioners of
the department of docks without a hearing.　Thereupon he
instituted this proceeding for reinstatement, claiming that his
discharge was illegal, as in violation of the provisions of sec-
tion 1536 of the charter and also of rule 42 of the regulations
of·the municipal civil service commission of the city of New
York.　The Special Term granted the writ as prayed for, and
its order was affirmed by the Appellate Division by a divided
court.

There is some confusion in the provisions of section 1536.
The section begins : " All the clerical and other subordinate
forces, including janitors of public schools, not subject to
removal without cause, in the public employ in any part of
the city of New York, as constituted by this act, at the time
when this act takes effect, shall continue to hold their respec-
tive positions without prejudice or advantage, except that
nothing in this section contained shall operate to keep in the
service of the city of New York, as constituted by this act,
any clerk or other subordinate whose position is vacated by
reason of the passage ' of this act, and except that the clerks
and subordinates of departments that are abolished or recon-
structed by this act, under the same or under other names,
shall continue in the service of the said city under the jurisdic-
tion of the ·appropriate department subject nevertheless to
removal in accordance with the provisions of this act for
cause, or to abolish unnecessary positions." Then follows the
direction for the adoption of a detailed plan of transfer of
clerks and subordinates already referred to.　The section then
proceeds : " The head of every department, and every other

officer by this act given power to appoint, remove and fix and regulate the salaries of his subordinates, appointees and employees, shall have power upon assuming office, or at any time thereafter, to remove any person assigned to service under him by said plan, and to fix and regulate, within the limits of his appropriation and subject to the restrictions, if any, hereinbefore prescribed, the salaries and compensation of said subordinates, appointees and employees." It is contended that under this section a clerk or subordinate transferred to a department can be removed only for cause and that the latter provision which in terms purports to bestow upon the head of the department an unqualified right of removal must be regarded as limited by the previous provisions, that such removal can only be made for cause. We think this argument is based on a failure to appreciate the distinction between two separate classes of transferred subordinates, the status of which at the time of consolidation was radically different. In the city of Brooklyn, as in most, if not all the other cities of the state, clerks and subordinates who were veterans of the war, or veteran volunteer firemen, held their places during good behavior and could be discharged only for cause, or when their positions were properly abolished for reasons of economy. Other clerks might be discharged at the will of the appointing power. It was necessary in the charter to deal with the status of both classes of subordinates after the transfer. Bearing in mind the distinction between the two classes, the apparent inconsistency in the terms of the section disappears. Transferred employees, not subject to removal without cause, are given the same security of tenure they previously enjoyed. Other subordinates were to continue as before, removable at the pleasure of the appointing power. There is nothing in the relator's papers to show that he was a veteran soldier or fireman, or that for any other reason he had before the consolidation a permanent tenure of his place.

The civil service rule invoked by the relator reads: "To secure compliance with the provisions of the Civil Service Law prohibiting removals because of political opinions or

affiliations, no removal of any person in the classified service of the city of New York shall be valid unless and until a statement of the causes of such removal shall be filed with the Municipal Commission and a copy of the same furnished to the person sought to be removed, and until such person has been afforded an opportunity to present an explanation in writing." This regulation is claimed by the learned counsel for the appellants to be invalid as beyond the power of the commissioners to prescribe. Mr. Justice BARTLETT, in the Appellate Division, took this view and held the regulation void for reasons stated in his opinion. Whether the rule be good or bad in the case of clerks and employees, we need not determine, for in our opinion the relator was neither, but a public officer. By sections 847 and 848 of the charter the offices of captain of the port of New York and of the harbor masters of the port were abolished, and in the dockmasters appointed by the board of docks were vested all the powers and duties thitherto performed by such officers. The captain and the harbor masters of the port were unquestionably public officers, not employees. In section 848 it is provided that a dockmaster "shall not appoint any deputy, or assistant, or delegate the powers of his office to any person or persons whatever." In view of the fact that the predecessors of the dockmasters were public officers and that the statute expressly refers to the position of the latter as an office, we are of opinion that such persons are public officers.

Section 3, article X of the Constitution provides that "When the duration of any office is not provided by this Constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment." The charter prescribes no term for the office of dockmaster, but by section 1543 substantially re-enacts the constitutional provision by directing that the heads of all departments, except as otherwise specially provided, shall have the power to appoint and remove all chiefs of bureaus, clerks, officers, employees and subordinates in their respective departments. It follows that the relator's term

falls within the express provision of the Constitution cited and that the commissioners of the dock department had the unqualified power of removal. We concede the power of the legislature to prescribe that the term of an office shall be during good behavior and that an officer can be removed only after a hearing or trial. There is no question in our minds as to the validity of the so-called veteran laws as applied to public officers as well as to mere clerks or employees. But in the case of public officers such duration of term and permanence of tenure must proceed from the action of the legislature itself, for so the Constitution ordains. The power cannot be delegated to the civil service commisson (if we assume that such was the statutory intent) nor the term of an office be prescribed by its regulation.

The order appealed from should be reversed and the motion denied, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and LANDON, JJ., concur.

Order reversed, etc. _____