(59 App. Div. 17.)

PEOPLE ex rel. CARLL v. WHITE et al.

(Supreme Court, Appellate Division, Second Department.   March 8, 1901.)

1. SCHOOLS AND SCHOOL DISTRICTS — ATTENDANCE OFFICERS — DISCHARGE — APPEAL.

Laws 1897, c. 378, § 1116, provides that the borough superintendent of schools shall nominate attendance officers to the school board, and discharge any such officer for cause, and that the officer shall have the right to appeal to the school board.   Laws 1899, c. 370, § 21, declares that a veteran fireman cannot be removed from office without a hearing on due notice.   After relator's discharge as attendance officer, and the borough superintendent's refusal to reinstate him, he notified the superintendent that he was a veteran fireman.   Held, that such notice did not constitute an appeal to the school board, since it was not addressed to that body, and did not purport to be an appeal.

2. VETERAN FIREMAN—REMOVAL WITHOUT HEARING—WAIVER OF RIGHTS.

Relator, having failed to notify the superintendent that he was a veteran fireman until a week after his discharge, and without appealing to

the school board, applied for mandamus to compel reinstatement. He waived his right to a hearing, and hence was not entitled to the writ.

3. SAME—DISCHARGE BY SUPERINTENDENT—APPEAL—NECESSITY.

Laws 1897, c. 378, § 1116, authorizes borough superintendents to appoint attendance officers and to discharge the same, but gives to such officers the right to appeal to the school board. *Held* that, where an attendance officer was discharged by the superintendent, such officer, prior to an appeal to the school board from the decision of the superintendent, was not entitled to a writ of mandamus to compel reinstatement, since previous to such an appeal the appointing power had not finally denied his rights.

Appeal from special term, Queens county.

Application by the people, on relation of Dennis J. Carll, for mandamus to compel Patrick J. White and others, composing the school board of the borough of Queens, and Edward L. Stevens, borough superintendent, to reinstate relator as school-attendance officer. From an order denying the application, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Joseph Fitch, for appellant.

William J. Carr (Louis H. Hahlo, on the brief), for respondents.

WOODWARD, J.   By the provisions of section 1116 of chapter 378 of the Laws of 1897, the borough superintendent of schools is to "enforce the compulsory education law, and shall nominate attendance officers to the school board, and shall direct such officers in their duties. He may suspend or discharge any such officer for cause, but such officer shall have the right to appeal to the school board." The relator states in his affidavit that he was nominated by Edward L. Stevens on the 17th day of May, 1900, as attendance officer, at a salary of $840 per year, to the school board of the borough of Queens; that this nomination was so made by Mr. Stevens, the borough superintendent, pursuant to a resolution of the school board, in accordance with the provisions of section 1116 of the charter of Greater New York, and that this nomination was duly confirmed; that he entered upon the discharge of the duties of his office on the 21st day of May, 1900; that "at the time of my nomination and appointment to the position of attendance officer, as hereinbefore stated, I was duly qualified for such appointment upon the eligible lists of the municipal civil service commission of the city of New York, under section 1536 of the Greater New York charter, by reason of my having held a position abolished or made unnecessary by that act, namely, the position of attendance officer to the Whitestone school board, school district No. 3 of the town of Flushing"; that "on the 5th day of June, 1900, I was removed from said position of attendance officer by Edward L. Stevens"; that "no charges of incompetency or misconduct were made against me, and no hearing was accorded to me"; that "on June 14, 1900, I notified said Edward L. Stevens, in writing, that I was a veteran fireman, and claimed the exemption from removal except for cause after hearing"; that "said Stevens acknowledged the receipt of said notice on June 16th, and stated that it would be given due consideration," but that the relator has not been restored to his position.

For these reasons the relator demands a peremptory writ of mandamus, commanding his reinstatement and the payment of his salary for the time of his dismissal. The affidavit of Edward L. Stevens, submitted in opposition in behalf of the respondents, denies that the relator was qualified under the provisions of section 1536 of the Greater New York charter, and in relation to the removal of the relator says "that on or about said date deponent had a long conversation with the said Dennis J. Carll in regard to the work which he had done and the character of his services, and informed said Dennis J. Carll that his work and services were unsatisfactory, and that, therefore, pursuant to the power given him by the charter, his services were dispensed with." Mr. Stevens also alleges that the relator has an appeal pending before the school board, as provided by section 1116 of the charter; that the relator has never taken the constitutional oath of office as required by section 1088 of the charter; that "the services of said Dennis J. Carll as attendance officer were unsatisfactory, and that he removed him for cause, and not in any manner arbitrarily; that deponent stated the grounds of his dissatisfaction to said Carll, saying that he was not doing the work, or the amount of work, which was expected of an attendance officer." The affidavit set forth other facts not material to the question here presented. Louis H. Hahlo, being sworn, said that during the time that the relator was holding the position of attendance officer he was litigating his right to a position as a member of the police force of the new city, upon the grounds that he had been captain of the police force of Whitestone.

The relator urges that the denial of an alternative writ on disputed facts is equivalent to an adjudication that the allegations of the relator, standing alone, do not make out a legal ground for the relief, and we agree with this proposition. We are to inquire, therefore, whether the relator, upon his own presentation of facts, is entitled to the relief which he asks. It may be said, before entering upon this proposition, that there is nothing in the allegation of Mr. Stevens that the relator has an appeal pending before the school board. A notice to Mr. Stevens that the relator was a veteran fireman, and claiming the exemption provided by statute to firemen, was not an appeal to the school board, in any sense. It was not addressed to that body, and did not purport to be an appeal from the decision of Mr. Stevens.

The important question, it seems to us, is whether the relator, who was, by his own admission, appointed to office by virtue of the provisions of section 1536 of the Greater New York charter, by reason of his having held a position abolished or made unnecessary by that act, can claim the protection of section 21 of chapter 370 of the Laws of 1899, without ever having called attention to his rights under the law until over a week after the action complained of in his affidavit. We know of no provision of law which makes it the duty of an appointing officer to know that an individual has "served the term required by law in the volunteer fire department of any city, town, or village in the state"; and when a person has been appointed to office under circumstances which afford no notice of this fact, and the person holding such office has given no intimation of the fact, nor ·

relied upon it at the time of the discharge, he must be deemed to have waived his rights under the statute. A notice served upon the appointing power after the discharge of the person from service cannot give the relator any rights upon a motion for mandamus. Section 21 of chapter 370 of the Laws of 1899 gives any person "whose rights may be in any way prejudiced" a right to a writ of mandamus to remedy the wrong, but this does not give a right to the writ where the person has waived his rights; and as there can be no presumption that a man has served a given length of time as a volunteer fireman, in the absence of notice of this fact, the appointing power is at liberty to proceed as though the person was not within the exception to the general rule. The constitution of this state (section 3, art. 10) provides that, "when the duration of any office is not provided by this constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment." Section 1116 of the Greater New York charter, by permitting the borough superintendent to "suspend or discharge any such officer for cause," and providing that "such officer shall have the right to appeal to the school board," merely limited the constitutional authority of the appointing power to remove the relator by providing that it shall be for cause. See People v. Cram, 164 N. Y. 166, 170, 58 N. E. 112. The school board is, by its power to confirm the nominations of the superintendent, a part of the appointing power. Even if the relator had rights under the provisions of section 21 of chapter 370 of the Laws of 1899, he would not be entitled to the writ for which he contends until the appeal had been taken to the school board; until the appointing power had finally denied him his rights. We are of opinion that the borough superintendent, in conjunction with the school board, had the unqualified power of removal of the relator, in the absence of any notice of his rights under chapter 370 of the Laws of 1899 (People v. Cram, 164 N. Y. 166, 169, bottom of page 171, 58 N. E. 112), and that the writ was properly denied.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.