STODDART v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. MUNICIPAL CORPORATIONS—CONSOLIDATION—EMPLOYÉS—RETENTION OF POSITION.

Under Greater New York Charter, § 1536, providing that the clerks and subordinates of departments that are abolished or reconstructed by the act shall continue in the service of the city, and directing the preparation of a plan for the assignment among the several departments of the employés of the several public corporations thereby consolidated, a sanitary inspector of a village at the time of the consolidation, who was thereafter, without his fault, prevented from performing the duties for about five months, but was at all times ready to do so, continued to hold the position during such time, though the plan adopted made no assignments to service of any subordinates in the county in which such village was situated.

2. SAME—SANITARY INSPECTOR—OFFICE—SALARY.

Under Greater New York Charter, § 1185, requiring that sanitary inspectors "shall have such practical knowledge of scientific or sanitary matters as qualify them for the duties of their office," such inspectors are officers, and as such entitled to their salary, though temporarily prevented from performing their duties while ready to do so.

3. SAME—BACK SALARY—INTEREST.

Where a city refuses to pay an officer the salary due him, he is entitled to interest on the amount due only from the time due demand therefor is made.

Appeal from municipal court, borough of Richmond, First district.

Action by Frank Stoddart against the city of New York. From a judgment in favor of plaintiff, defendant appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Albert E. Hadlock (James McKeen, on the brief), for appellant.
Warren C. Van Slyke, for respondent.

¶ 3. See Municipal Corporations, vol. 36, Cent. Dig. § 2174.

WILLARD BARTLETT, J.   The plaintiff in this action has re-
covered compensation at the rate of $65 a month as his official salary
as a sanitary inspector in the department of health of the city of New
York for a period beginning January 1, 1898, and ending on the 8th of
June of the same year.   At the time when the original Greater New
York Charter took effect he was a sanitary inspector under the board
of health of the village of New Brighton, in the county of Richmond.
He claims to have been transferred to the service of the consolidated
city, or continued therein, by virtue of the provisions of section 1536
of the charter.   On December 31, 1897, Edward I. Miller, who had
been designated by the chairman of the board of supervisors of Rich-
mond county to act for the board of health and charities in protecting
the property of the borough of Richmond for the time-being, notified
the plaintiff that he was to continue his services as sanitary inspector,
and the plaintiff did so from the 1st to the 13th of January, 1898, when
the assistant sanitary superintendent of the borough of Richmond
declared that he would not recognize the plaintiff, and from the latter
date until the 8th of June, 1898, when the plaintiff received a tempo-
rary appointment as sanitary inspector in the department of health
of the consolidated city, he rendered no actual services to the city, al-
though he was, during the entire period, ready, willing, and able to
do so.

Section 1536 of the original Greater New York Charter prescribed
the preparation of a plan by the mayor of the old city of New York,
the mayor of the city of Brooklyn, the mayor of Long Island City,
the chairman of the board of supervisors of the county of Richmond,
and the county judge of Queens county, which, among other things,
should "provide for the apportionment between the several public
departments, bureaus and offices, and the assignment to service in
said public departments, bureaus and offices respectively, so far as
practicable, of all the subordinates and employés in every branch of
the public service in each of the several municipal and public corpora-
tions hereby consolidated, in such manner that each person shall be
assigned, as nearly as may be, without prejudice or advantage to per-
form the same service and in the same part of the city, and to hold the
same relative rank or position in the city constituted by this act, as he
performed and held at the time said plan of apportionment and assign-
ment is determined upon."   The plan actually prepared under this
section contained no assignment to service of any subordinates or em-
ployés in the county of Richmond.   Notwithstanding this omission,
the plaintiff contends that he became a sanitary inspector in the health
department of the new city when the charter took effect by virtue of
that portion of section 1536, which provides that "the clerks and sub-
ordinates of departments that are abolished or reconstructed by this
act, under the same or under other names, shall continue in the service
of the said city under the jurisdiction of the appropriate department,
subject nevertheless to removal in accordance with the provisions of
this act for cause, or to abolish unnecessary positions."

After a very careful consideration of the question, I have reached
the conclusion that he is correct.   While the framers of section 1536
undoubtedly contemplated the preparation of the plan by the officers

designated therein which should relate specifically or generally to all subordinates and employés in every branch of the public service in the several municipalities which were to be consolidated, I am not prepared to say that the omission of the plan to deal with such subordinates and employés in one of these municipalities had the effect of nullifying or rendering inoperative the provision which I have quoted, to the effect that the clerks and subordinates of departments abolished or reconstructed by the charter "shall continue in the service of the said city." This provision is mandatory in form, and I think the courts are bound in some way to give it effect. That can only be done in the present case by holding that, in spite of the omission of the plan of transfer to deal with the office of sanitary inspector held by the plaintiff, he nevertheless became a sanitary inspector in the consolidated city under the jurisdiction of the appropriate department, which was the department of health.

There is nothing in conflict with this view in the case of People ex rel. Percival v. Cram, either as first presented or upon the second appeal. 32 App. Div. 414, 53 N. Y. Supp. 110, affirmed on opinion below 158 N. Y. 666, 52 N. E. 1125, 164 N. Y. 166, 58 N. E. 112. That case did not involve any omission to deal with the position or office there in question, but related to a mistake in the plan of transfer, which was subsequently corrected by amendment. It is true that in People ex rel. Fuller v. Coler, 33 App. Div. 617, 53 N. Y. Supp. 1090, there is an intimation to the effect that, to entitle a clerical or other subordinate employé to protection under section 1536 of the charter, it was necessary that the board of officers constituted by that section should assign him to service in one of the departments; but this suggestion was not material to the decision, and the learned judge who made it could not have had in contemplation any such question as is presented in the case at bar.

An assistant sanitary inspector, under the former charter of the city of Brooklyn, was held to be an officer, rather than simple employé (Smith v. City of Brooklyn, 6 App. Div. 134, 39 N. Y. Supp. 990); and it seems equally plain that sanitary inspectors, under the Greater New York Charter, are also officers. Section 1185 requires that they "shall have such practical knowledge of scientific or sanitary matters as qualify them for the duties of their office." Hence the plaintiff was entitled to the compensation fixed for the position, upon proof of his readiness and ability to perform the services incident thereto, even though he was actually prevented from performing them.

These views require an affirmance of the judgment, except so far as relates to the amount included therein by way of interest. This appears to have been computed from June 8, 1898, the date when the salary of the plaintiff is alleged to have been payable, whereas it should have been computed from February 17, 1902, the date when the claim of the plaintiff was filed with the comptroller of the city of New York. In an action against a municipality for unpaid salary, interest is recoverable only from the time of the demand. Taylor v. Mayor, 67 N. Y. 87. On account of this error in the matter of interest, the judgment appears to be excessive to the amount of $67.55.

It must be modified by deducting this sum therefrom, and as thus modified should be affirmed, without costs of this appeal to either party.

Judgment of the municipal court modified by deducting therefrom the sum of $67.55, and as thus modified affirmed, without costs of this appeal to either party. All concur.