In the Matter of the Application of JOHN PHILIP BRAMER, Appellant, Respondent, for a Mandamus Order against BOARD OF PAROLE, DIVISION OF PAROLE OF THE STATE OF NEW YORK, and JOSEPH W. MOORE and Others, Individually and as Commissioners of the Board of Parole, Division of Parole of the State of New York, Respondents, Appellants.

Third Department, May 6, 1936.

*Herbert A. O'Brien* [*George R. Fearon* of counsel], for the appellant-respondent.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* and *Patrick H. Clune, Assistant Attorney-General,* of counsel], for the respondents, appellants.

RHODES, J. Petitioner is chief parole officer, Division of Parole, having been appointed to said position July 1, 1931, after having taken the competitive civil service examination therefor, he being at the time a veteran of the World war, honorably discharged by reason of expiration of enrollment. His appointment was made pursuant to article 11 of the Executive Law, under which the Board of Parole was created, and by section 117 of that article said position and employment was placed in the competitive class of the civil service.

Petitioner entered upon the discharge of his duties and served until the 24th day of August, 1934, when he received a notice of suspension without pay, " until the report in the *DeLillio* case is submitted to me and the members of the Board have had an opportunity to study this report."

Written charges and notice of a hearing thereon were later served upon him with notice that his suspension without pay was continued. Thereupon petitioner applied for a peremptory order of mandamus to set aside his suspension without pay and compel his reinstatement with back pay, and to restrain the Board and the members thereof from proceeding with the trial of said charges and for a further order directing that the petitioner be served with a bill of particulars as to said charges. (For convenience, the Board and its members will hereafter be referred to as the defendants.)

While the defendants question the direction in the order which required the defendants to furnish a bill of particulars, it was stated upon the argument that such bill of particulars has been furnished and that question, therefore, requires no further discussion.

The learned court below ordered that petitioner's suspension without pay be vacated and that he be restored to his position with back pay upon the theory that there is no statutory authority for such suspension pending a determination of a hearing upon charges preferred. Counsel for petitioner asserts that no such authority is conferred on defendants and no statutory authorization therefor has been pointed out.

It is stated by the defendants' counsel that such suspensions have been the universal practice for over forty years, and that as a practical matter, if an employee were permitted to draw pay until the determination of charges against him, the result would

often be that the State could not recover such payments in case charges ultimately were sustained and the employee dismissed.

A sufficient answer, however, is that no such power of suspension had been granted, and the order, in so far as it directs petitioner's reinstatement in service and the payment of his accrued salary is, therefore, proper.

It is further claimed in behalf of petitioner that no power of removal as to the office held by petitioner has been conferred.

The learned court below held that the defendants have a right to removal for cause upon charges in the regular and ordinary manner outlined by statute.

Section 3 of article 10 of the Constitution of the State of New York provides that " When the duration of any office is not provided by this Constitution it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment."

While the Constitution thus provides for removal at the pleasure of the appointing authority, section 22 of the Civil Service Law prohibits the removal of honorably discharged soldiers except for incompetency or misconduct shown after a hearing upon due notice upon stated charges.

As we have seen, the act by which petitioner's position was created was placed under civil service, and by section 22 of that law any such appointee is removable for cause in the method prescribed thereby. (See *People ex rel. Percival* v. *Cram*, 164 N. Y. 166; *People ex rel. Gere* v. *Whitlock*, 92 id. 191.)

The order should be affirmed, without costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, without costs.