In the Matter of CHARLES J. FAY, Appellant, against JOHN A. LYONS, as Commissioner of Correction of the State of New York, et al., Respondents.

Third Department, May 13, 1953.

*John T. DeGraff* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Herman N. Harcourt* and *Raymond B. Madden* of counsel), for respondents.

Foster, P. J. An appeal from an order and judgment of the Supreme Court, which dismissed the appellant's petition for an order under article 78 of the Civil Practice Act, directing the Civil Service Commission to restore him to his former position as the foreman of a brush shop in Sing Sing Prison, and to place his name on the payroll to receive back salary from April 22, 1948, to June 5, 1951.

Many of the salient facts are undisputed. Appellant was in the competitive branch of the State civil service, and employed as an industrial foreman in the Department of Correction and assigned as a foreman in the industrial division of Sing Sing Prison. His superior there was one Henry Rekersdres, who held the title of superintendent of industries at the prison. Some years prior to the transaction involved here appellant and Rekersdres had been engaged in the business of manufacturing brushes. This relationship was dissolved before March of 1947, and appellant took his dies and equipment to his own property at Troy, New York.

In March of 1947, appellant went to Rekersdres and suggested that the production of brushes at the prison shop could be stepped up if the State would buy another set of shake down dies, which apparently were his own invention. Rekersdres told him that he could not sell the dies direct to the State, and that a bid would have to be submitted by a third party. Appellant procured one Coyne of Troy, New York, to submit a bid of $225 for ten dies. It was agreed that Rekersdres was to get $100 for

approving the bill from the dummy Coyne. The bid was accepted and the State sent Coyne a check for $225. Appellant gave Mrs. Coyne $5 for cigarette money, paid Rekersdres $100 as agreed, and kept the balance. These facts are taken from a statement signed by the appellant himself.

On April 22, 1948, appellant received a notice from the warden that he was suspended from duty effective as of the day before. Both appellant and Rekersdres were then indicted in Westchester County on two counts for violating sections 1863 and 1868 of the Penal Law. The first count charged felonious connivance at auditing an unlawful claim, and the second count charged that both men violated section 1868 of the Penal Law as public officers interested individually in the sale of the dies to the State. Appellant was never tried but he was used by the State as a witness on the trial of Rekersdres (said to be acquitted). No charges, looking to appellant's removal, were made against him pending the trial, and were withheld, according to an affidavit submitted by respondents, at the request of the District Attorney of Westchester County.

Finally, on June 5, 1951, written charges of misconduct and incompetency were served upon appellant by the Department of Correction. Appellant is entitled to a trial or hearing upon these charges but this has not been held by agreement between the parties pending the disposition of the appeal herein. However it may be of some significance to note that between the date of his suspension and June 5, 1951, a period of over three years, appellant made no demand that charges be preferred against him. In answer to this appellant says that he believed because of his co-operation with the authorities that his suspension was only temporary and he continued to hope for reinstatement up to the time charges were made against him. He says he was told in substance: " Charley, we want you to help us; we don't want your job. We want to get Rekersdres ".

Appellant relies heavily on the Civil Service Law (§ 22, subd. 2) which reads in part: " 2. *Removals generally.* No officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for incompetency or misconduct. The person whose removal is sought shall have written notice of such proposed removal and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing. Pending the determination of such

charges such officer or employee may be suspended without pay for a period not exceeding thirty days ''.

Also upon subdivision 1 of the same section: '' 1. *Removal of veterans and volunteer firemen.* No person holding a position by appointment or employment in the state of New York, * * * who is an exempt volunteer fireman as defined in the general municipal law shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review pursuant to article seventy-eight of the civil practice act ''.

Appellant cites the case of *Matter of Bramer* v. *Board of Parole* (247 App. Div. 414), which held that the statute as it existed prior to 1941 did not authorize a suspension pending a determination of charges. In 1941 the statute was amended (L. 1941, ch. 853), evidently to meet the decision in the *Bramer* case and the amendment provided '' Pending the determination of such charges such officer or employee may be suspended without pay for a period not exceeding thirty days ''.

Appellant argues that it was the duty of respondents to file charges and determine the same within the thirty-day period following the suspension. This argument in the abstract appears to be sound. Indeed, if the language of the statute is to be taken literally it seems to require that charges be filed before or simultaneously with the act of suspension. The State argues that there is no limitation as to the period during which an employee may be suspended until the charges are preferred and an answer has been served. The simple answer to this argument is that the statute does not authorize any suspension pending the preferment charges, but only pending the determination thereof. Whether the statutory scheme is practical from a workable viewpoint is not for us to determine. It was the evident intent of the Legislature that a civil servant in the competitive class should have the right to have charges preferred and determined promptly, and that a thirty-day period for this purpose was not unreasonable.

However a violation of the section quoted is not necessarily decisive on an application for an order in the nature of mandamus under the circumstances disclosed here. Appellant made no movement whatever toward asserting his rights until some three years after his suspension, in fact until charges were served upon him. He now argues that he was given affirmative assurance of reinstatement, and hence that respondents should

be estopped from asserting a defense of laches. At most his position on this issue involves a question of fact which cannot be adequately determined on this record. Moreover appellant, on his own admission, connived with his superior in arranging an illegal and improper audit, and paid the latter the sum of $100 as his share of the deal. The issue of laches and the conceded conduct of appellant are sufficient to sustain the discretionary refusal of the Special Term to grant the relief requested (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361; *Matter of Amsterdam City Hosp.* v. *Hoffman,* 278 App. Div. 292; *Matter of Salisbury* v. *Rogers,* 252 App. Div. 223).

The order and judgment should be affirmed, without costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order and judgment affirmed, without costs.