Drake, Ch. J.,
delivered the opinion of the court:
The incumbent of an office is, prima facie entitled to the lawful compensation thereof so long as he holds the office, though he may be disabled by disease or bodily injury from performing its duties. If it be an office held at the will of the appointing power, and that power does not see fit to-have the compensation go on while the incumbent is so disabled, the only remedy, in the absence of express law or regulation authorizing the stoppage of the compensation during the disability, is to remove the incumbent and so end his right to compensation. If the appointing power suffers him to continue in office, notwithstanding the disability, he is entitled to the compensation. This right may be cut off by law or regulation authorizing it 5 but not by the act of the appointing power without the authority of law or regulation.
On the part of the defendants it is contended that in this case the regulations adopted by the Secretary of the Treasury in February, 1867, furnished a warrant for the stoppage of the claimant’s pay during the months of June and July. Admitting for the purposes of this case the lawful-authority of the Secretary to make those regulations, it is our opinion that they did mot authorize the stoppage of the claimant’s pay.
*376 The first and third paragraphs of those regulations refer to leave of absence to be given by the head of the Department, and do not relate to this case, which, as we conceive, is governed by the second paragraph, in these words:
“ When absence is caused by sickness, a certificate of tbe attendingphysicianmustbefurnisked,showingthe nature of the disease, the daily attendance, and the amount and extent of the debility or disability caused by such sickness, with the date when first called.in and that when attendance ceased.’7
Two things are here observable: 1. That the regulation does not-authorize the stoppage of the pay of a clerk on account of his “absence caused by sickness;” and 2. That it does not authorize such stoppage if the clerk fails to present the required certificate.
The effect of the regulation, then, is simply to require such a certificate as evidence that the party’s absence was “ caused by sickness.” If he disregarded the regulation, and failed to produce the required certificate when it was in his power to do so, that would be sufficient ground for removing him, but not for stopping his pay; for the latter is not prescribed as a consequence of such disobedience of the rule.
In this case the claimant sent to the Department two sufficient certificates of his attending physicians, covering the time till the 15th of June. With the second he sent a letter, requesting that his pay be continued to him. This request was refused, not because, under the regulation, he was debarred from pay while absent through sickness, nor because he had not furnished a proper certificate, but because he had, during the previous year, been absent one hundred and twenty-two days, for which time he had received pay; all of which absence was caused by sickness. The refusal, when put on that ground, had two effects: 1. To admit that up to hat time he had, so far as the certificate was concerned, complied with the regulation; and 2. To dispense with any further production by him of such certificate; for, in view of the Secretary’s decision, a subsequent certificate, complying with the regulation, would have been of no value in procuring a continuance of his pay.
The case, then, stripped of all question as to his com pliance with the regulation, is simply one of the claimant’s right to the pay of his office dui’ing the two months of June and July, in which it is found that he was disabled by sickness from *377 performing duty. On this point our views have been above expressed. He is entitled to that pay, and the Secretary of the Treasury was not lawfully empowered to withhold it, either for the reason assigned by him or because of claimant’s sickness.
The claimant is entitled to recover his salary, at the rate of $133.33 per month, for the months of June and July, 1867, amounting to $266.66, and, under the joint resolution of February 28, 1867, (14 Stat. L., p. 569,) 20 per cent, in addition on the pay for the month of June, amounting to $26.67, making an aggregate of $293.33; for which sum judgment will be awarded him.