Davis, J.,
delivered the opinion of the court:
Claimant was appointed special agent of the Treasury Department July 2, 1877, at a compensation of $8 a day, the appointment to take effect July 11, when it was intended to transfer one of the agents then in the service to other duty, thus leaving a vacancy in the corps. For some reason this intention was not fulfilled, and as there were then twenty such *125 agents, the full number provided by law, there existed no vacancy on the 11th day of July.
The claimant, however, rendered very constant aid to a special inspector in New York, but did not report to any superior authority, nor was he recognized by any such authority until after the period covered by this claim, when he was officially given employment. In fact, after July 2 no notice was taken of him by the Department until November 27, when the Secretary of the Treasury informed him that the appointment of July 2 was revoked.
He now claims fees as special agent from July 11 to November 27, 1877.
The only question of law upon which it is necessary for us to pass is whether the Secretary had the power to appoint the claimant under the circumstances, for if the appointment was void there can be no valid claim against the Government. The office is one of those the appointment to which the Constitution authorizes Congress to vest in the heads of Departments. Congress, acting under this authority, empowered the Secretary of the Treasury to appoint twenty special agents (19 Stat. L., 152), and no more; and upon the date when claimant was to undertake his duties the full number permitted by law was in office. The Secretary could not, of his own motion, add one to that number, in such manner at least as to create any liability on the part of the United States to compensate the officer thus appointed.
The case of Sleigh (9 C. Cls. R., 369) has no application to this case, for the claimant there was the properly appointed incumbent of a legally existing office; whereas in the case at bar an attempt was made to appoint the claimant to an office already filled, upon the theory that at the date when the appointment was intended to take effect the office would be vacant, whereas it remained lawfully occupied during the whole period covered by the petition herein.
The petition is dismissed.