### O'HARA v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.  November 13, 1900.)

·CITY EMPLOYE—VETERAN—SICKNESS—RIGHT TO SALARY.

The status of a veteran employed by the city of New York as a watchman is so much like that of a public officer (Laws 1896, c. 821, and Greater New York Charter, § 127) that he is entitled to compensation during sickness, though incapacitated to render any services, where he is carried on the pay roll, and no one is appointed in his place or paid his compensation, though reports of his sickness are made to his superior.

Action by Ellen T. O'Hara against the city of New York for balance due her assignor for services as night watchman.  Judgment for plaintiff.

Geo. F. Langbein, for plaintiff.

John Whalen and Chas. T. Ridgway, for defendant.

McADAM, J.   The plaintiff, as assignee of John Lawrence O'Hara, sues to recover the sum of $170 as salary for services alleged to have been performed by the assignor between December 16, 1899, and January 28, 1900, and between February 27 and April 10, 1900.   The assignor was a veteran of the Civil War, and the proof shows that he rendered no services to the defendant during the periods named, being incapacitated by an illness which resulted in his death October 27, 1900.   It further appears that the defendant continued the assignor's name on the pay roll down to the time of his death; that he sent reports as to his physical condition from time to time to his immediate superior; that no one was appointed in his place and was paid his salary or compensation.

It is conceded that the assignor was not a public officer; but the plaintiff claims that, as the effect of recent legislation, the assignor's position differed in no degree from one who is a holder of an office created by law, and that, his absence on account of sickness having been permitted, no action having been taken by the proper authorities, his right to compensation was not affected.   In O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 146, which was an action by the assignor to recover from the defendant his salary between October 24 and December 28, 1898, during which period he was illegally deprived of his position (being the same position he held to the time of his death), the court, construing the provisions of the law respecting the employment of honorably discharged Union soldiers and sailors in the public service (Laws 1884, c. 312, § 1, as amended by Laws 1896, c. 821), and of the Greater New York Charter (Laws 1897, c. 378, § 127), held that the plaintiff was entitled to recover.   Mr. Justice Rumsey, who wrote the prevailing opinion, said at page 522, 46 App. Div., page 149, 62 N. Y. Supp.:

"The plaintiff was not a simple employé holding his place at the will of the person who employed him, but his right to his place was regulated by the

statute, and his time of service was also regulated in the same way. Nor were his duties menial, even if that can be said to be material. As a watchman, it is fairly to be assumed that he was called upon to use good judgment, and it was necessary that he should be an honest, reliable, and trustworthy man; but the nature of his duties is not particularly important. The case turns upon the right which the plaintiff had to the position to which he was appointed, and, so long as his right to the position existed, we think the rule should be applied which has come to be recognized in cases of this kind, —that the right to the salary is an incident of the position from which one is irremovable, and so long as the position exists the right to the salary remains."

The status of the assignor in reference to his employment was therefore similar to, if not identical with, that of a public officer, and there is no valid reason why the rules applicable to such officer should not govern in this controversy. While sickness may furnish sufficient reason for the removal of a public officer, when his absence on that account has been permitted he is entitled to compensation until some action is taken on the subject. O'Leary v. Board, 93 N. Y. 1, 45 Am. Rep. 156; Devlin v. Mayor, etc., 41 Hun, 281; People v. French, 91 N. Y. 265; Sleigh v. U. S., 9 Ct. Cl. 369; Ware v. U. S., 7 Ct. Cl. 565. The assignor was carried on the defendant's pay roll, and the defendant received reports from time to time as to his condition, and not only took no action in the matter, but inferentially assented to the absence. Whether the assignor was paid a per diem compensation or a weekly salary is not regarded as of essential importance. The statute of 1896, supra, expressly includes veterans receiving a per diem pay among those entitled to the benefit of its . provisions; and, while the repealing act of 1899 (Laws 1899, c. 370, § 21) does not refer to a daily compensation, neither does it allude to a salary, but protects generally veterans holding positions by appointment or employment in the state of New York, or in the several cities, counties, or villages thereof. As the assignor was one of the class mentioned, it would not seem to be very material whether he was paid a salary or a per diem compensation, and for this reason it is not thought necessary to discuss the question raised as to the effect of the judgment in O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 146, in reference to salary.

Judgment for plaintiff for $170, with interest and costs.