### SULLIVAN v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. December 10, 1900.)

MUNICIPAL CORPORATIONS—VETERAN EMPLOYÉ — UNAUTHORIZED DISCHARGE—WAGES—MANDAMUS.

Where a veteran of the Rebellion, employed as a laborer by the park department of New York City, is discharged for causes other than incompetency or conduct inconsistent with his position, which is prohibited by Laws 1894, c. 716, and fails to take any steps to be reinstated, he cannot maintain an action against the city to recover wages for the time after his discharge, since his remedy for such discharge is mandamus to compel his reinstatement.

Action by Jerry Sullivan against the city of New York to recover wages as a city employé for a period of time subsequent to his wrongful discharge. Judgment for defendant.

Dennis O'Sullivan and Geo. F. Laughlin, for plaintiff.
John Whalen and John F. O'Brien, for defendant.

McADAM, J. In the early part of January, 1896, the plaintiff, a laborer employed by the park department at a compensation of

$1.76 per day, absented himself from work on account of illness. He thereafter notified the officers of the department of his sickness, and on or about April 24, 1896, reported for work to Mr. Parsons, the superintendent of the department; but the plaintiff was not reinstated. His name, in accordance with a rule of the department, had been dropped from the pay roll during the week ending January 11, 1896, and he has not since that time been in the employ of the city. The action is to recover $2,142.95, being the amount of three years and seven months' wages, with interest, on the theory that the plaintiff, a veteran of the war of the Rebellion, could not be discharged except for incompetency and conduct inconsistent with his position (Laws 1894, c. 716), and, as he was not discharged for these causes, he remained an employé of the defendant, and the wages are an incident of the employment. Conceding the plaintiff's contention that the statute cited made his position equivalent to that of the holder of an office, his remedy was by mandamus for reinstatement, and not by action for wages. Hagan v. City of Brooklyn, 126 N. Y. 643, 27 N. E. 265. In the case cited the court said:

"The rule deducible from an examination of the various cases on the subject in this state is to the effect that a public officer unlawfully removed from office to which another person is appointed, and who acquiesces in such removal, and has not, by certiorari or otherwise, obtained a reversal of the order removing him, or a reinstatement in the vacated term by the board having authority to make it, cannot recover from the corporation the compensation incident to the office accruing during the period in which he performed no service. Nichols v. MacLean, 101 N. Y. 526, 5 N. E. 347; McVeany v. Mayor, etc., 80 N. Y. 190; Dolan v. Mayor, etc., 68 N. Y. 274; Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787."

In Van Valkenburgh v. Mayor, etc., 49 App. Div., at page 210, 63 N. Y. Supp. 8, the court said:

"Were the question simply one as to the legality of the removal, we should be inclined to agree with the plaintiff; but it does not follow therefrom that the plaintiff is entitled to sue for and recover his salary for the period he remained out of office, performed no services, and during which the services were performed by another, who was paid therefor by the city. * * * The question, therefore, for us to determine is whether one who was illegally removed and kept out of office, who has taken no steps to obtain a review or a reinstatement, and who performs no services, but whose duties during the period sued for were performed by another, who was paid therefor, can recover salary for the period mentioned. The authorities are against such a proposition."

And judgment for the defendant was affirmed.

See, also, Quintard v. City of New York, 51 App. Div. 233, 64 N. Y. Supp. 904.

This case is clearly distinguishable from that of O'Hara v. Same (Sup.) 66 N. Y. Supp. 909. There the employé was not discharged, the defendant acquiesced in his absence, his name was kept on the pay roll, no action was taken by the defendant indicating that his services were ended, and the construction of later statutes was involved. There must be judgment for defendant.