(98 App. Div. 59)

PEOPLE ex rel. O'TOOLE v. HAMILTON, County Clerk.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. MUNICIPAL CORPORATIONS—COMPARISON CLERK—REMOVAL—RIGHT TO RE-INSTATEMENT—MANDAMUS.

A person on the eligible list of the State Civil Service Commission was assigned to perform the duties of comparison clerk in the office of the clerk of the county of New York. He was removed by the county clerk. No reason was assigned for his removal, nor was he given an opportunity to be heard in respect thereto. *Held*, that he was not a public officer, but merely held a position, and that his right to reinstatement could be tested in a mandamus proceeding.

2. SAME—RIGHT TO A HEARING.

Greater New York Charter, § 1543 (Laws 1897, p. 541, c. 378, as amended by Laws 1901, p. 636, c. 466), provides that no regular clerk or person holding a position in the service subject to competitive examination shall be removed without being allowed to make an explanation. Laws 1904, p. 1094, c. 697, limits the power of removal in the case of honorably discharged soldiers, etc. Relator was on the eligible list of the State Civil Service Commission, and was assigned to the duties of comparison clerk. The Civil Service Commission changed the rules, and provided that such a position should be a noncompetitive one. *Held*, that thereafter the relator's rights were not prejudiced by his removal without an opportunity to be heard; he not coming within the provisions of the statutes.

3. MANDAMUS—RETURN—ALLEGATIONS.

The allegations in the return to an application for mandamus which deny the allegations of the relator must control.

4. CIVIL SERVICE COMMISSION—RIGHT TO CHANGE RULES.

The authority of the State Civil Service Commission to change, with the approval of the Governor, a position in the service from the competitive to the noncompetitive class, cannot be reviewed collaterally by mandamus.

5. SAME—CONFIDENTIAL POSITION.

The position of comparison clerk in the office of the clerk of the county of New York is a confidential one, authorizing the Civil Service Commission to· make it a noncompetitive one.

Appeal from Special Term, New York County.

Application by the people, on the relation of James J. O'Toole, for a writ of mandamus to Thomas L. Hamilton, county clerk. From an order denying a motion for an alternative writ entered at Special Term (90 N. Y. Supp. 97), the relator appeals. Affirmed.

The facts are thus correctly summarized in the opinion of the learned judge at Special Term: "On and prior to January 7, 1898, the relator was upon the eligible classified list of the State Civil Service Commission for the position of clerk in the office of the county clerk of New York county. On said 7th day of January, 1898, he was appointed from said eligible classified list as clerk in the said county clerk's office. He was assigned to perform the duties of indexing clerk, and continued to perform such duties until May 1, 1900, when he was assigned to perform the duties of comparison clerk. The relator continued to perform the duties of comparison clerk until May 10, 1904. While he held the position of index clerk the State Civil Service Commission had, with the approval of the Governor, prescribed certain rules and regulations, which provided, among other things, that from June 16, 1900, the position of index clerk or comparison clerk in the office of the county clerk should be subject to competitive examination. On February 4, 1904, the State

---

¶ 3. See Mandamus, vol. 33, Cent. Dig. § 355.

Civil Service Commission changed the said rules and regulations, with the approval of the Governor, and provided that the said position of index clerk or comparison clerk in the office of the county clerk of New York county should not be subject to competitive examination, but should be a noncompetitive position in the classified service. On May 10, 1904, while the relator was holding the position of comparison clerk, he was removed therefrom by the county clerk. No reason was assigned for his removal, nor was he afforded an opportunity to be heard in his own behalf in respect thereto. The position made vacant by the relator's removal was filled by an appointee of the county clerk, who has continued to hold the position, and to receive the salary attached thereto." Upon these facts, the relator's motion for the issuance of an alternative writ of mandamus was denied, and from the order so entered the relator appeals.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Edward A. Alexander, for appellant.
Theodore Connoly, for respondent.

O'BRIEN, J. We concur in the conclusion reached by the learned judge at Special Term, but we differ in our view as to the reasons and authorities which support that conclusion. In his opinion it is stated that:

"Under the authority of Martin v. City of New York, 82 App. Div. 35, 81 N. Y. Supp. 412, affirmed 176 N. Y. 371, 68 N. E. 640, it is clear that the relator was a public officer in the civil service of the state. * * * Being such officer, he cannot, in mandamus proceedings, litigate his claim to the office from which he has been removed, while another holds it under color of right, and is in receipt of the salary attached thereto."

His view is that the relator's remedy was to try the title to the office by writ of quo warranto.

We do not think that the case cited is authority for the position thus taken. The facts therein were that Frank J. Martin had been for some years prior to October 1, 1900, a clerk in the office of the clerk of the board of aldermen, and on that day he was removed, and another was appointed in his place. Having instituted proceedings by mandamus to be reinstated, he was successful, and thereafter he brought his action to recover from the city the amount of salary which had been paid by the city to the one who had been appointed in his place during the period from his removal to his reinstatement. This court held that Martin's remedy was to sue the person who had received the salary, and that an action therefor would not lie against the city. The Court of Appeals, in affirming our judgment, did not hold that Martin was a public officer, but that, with respect to suits against the city to recover for salary which had been paid to one who had performed the duties, the rule applicable to public officers applied with equal force to persons holding positions. The court said:

"It is, however, insisted that the rule does not apply to this case, because the plaintiff was not a public officer, but an employé holding a contractual relation to the city. * * * The rule governing payments to a de facto officer is founded in public policy, and applies with the same force to payments made to a de facto occupant of a position of public employment, although not an officer."

In People ex rel. Coveney v. Kearny, 44 App. Div. 449, 61 N. Y. Supp. 41, where a veteran fireman, who had been appointed to the sub-

ordinate position of inspector in the bureau of fire-alarm telegraph and electrical appliances, was transferred to the position of inspector in the department of buildings, lighting, and supplies, from which position he was·removed, and to which he sought reinstatement, and the question presented was whether he was a public officer, or merely one who occupied a position in the public service, and what remedy was available to him, the court held that he could not maintain an action in the nature of a quo warranto, and, in the opinion, referred with approval to People ex rel. Drake v. Sutton, 88 Hun, 175, 34 N. Y. Supp. 487, wherein it was said:

"The rule that courts will not, at the instance of a person out of possession of an office, try the title thereto by mandamus, but will leave the party to his remedy by writ of quo warranto, has reference to public officers created by law, and is not applicable to clerks or employés unlawfully removed from their positions by superior authority."

It is difficult to define the term "public officer" so as to have a definition that will apply and point out the distinction in every given case. In general, where either the people or the Legislature create an office or designate a person to perform some function of government, the head of such an office would be a public officer, whereas, if the head of such an office delegates part of his work to a number of persons employed to carry out the details of the work, we think the persons so appointed would, generally speaking, be holders of positions. The distinction, so far as it is practicable to define it,. has been pointed out in many cases —notably in People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596. Here there is no claim that the Legislature or the people created the office of comparison or index clerk, but it does appear that the Legislature created the office of county clerk, and that the comparison or index clerk in that office is one of his subordinates; and we think that there is no reason for holding that the relator is other than a person holding a position. With respect, however, to the authority, upon which the learned judge at Special Term particularly relied, of Martin v. City of New York, supra, it is only necessary to point out that that case is inapplicable, for the reason that, in the proceeding taken by Martin to obtain reinstatement, it was held that he was a clerk holding a position, and, by a writ of mandamus, he was reinstated. So here we think that the relator's right to be reinstated to the position which he held could be tested in a mandamus proceeding.

It does not necessarily follow that the relator is entitled to the relief sought. It appears that in 1904 the State Civil Service Commission, with the approval of the Governor, changed the position of index or comparison clerk from a competitive to a noncompetitive position in the classified service; and thereafter the relator's rights were not in any way prejudiced by his removal, as he was not entitled by law to an opportunity to explain or be heard. The fact thus appears that the relator held a position at the time of his removal in a noncompetitive class, from which removals may be made in the discretion of the appointing power. It is urged by the relator that, being a regular clerk, he could not be removed without a hearing, and reference is made to the provisions of the state and municipal civil service laws. There are, how-

ever, two sufficient answers to this suggestion: First, that the allega-tion of the relator that he was a regular clerk is denied by the return, which, under the rule governing mandamus proceedings, must control; and, secondly, the provisions of law relating to regular clerks do not aid the relator. There are two provisions of law limiting the power of re-moval, one of which, relating to the municipal civil service, is section 1543 of the Greater New York charter (chapter 378, p. 541, Laws 1897, as amended by chapter 466, p. 636, Laws 1901), and the other is chapter 697, p. 1694, Laws 1904, which has reference to the state civil service. The first provides, "But no regular clerk or head of a bureau or person holding a position in the classified municipal service subject to competi-tive examination shall be removed until he has been allowed an oppor-tunity of making an explanation"; and the second limits the power of removal in the case of honorably discharged sailors, soldiers, and others classified in the act, in none of which classes is it claimed that the re-lator is included.

The only remaining contention of the relator which needs considera-tion is that attacking the power of the state commissioners, with the approval of the Governor, to change the relator's position from the competitive to a noncompetitive class. There are two sufficient answers to this contention; the first being that the case of People ex rel. Sims v. Collier, 175 N. Y. 196, 67 N. E. 309, is authority for the proposition that the commissioners' act in making such rating was quasi judicial, and cannot be reviewed collaterally by mandamus. And the second is found in the recent case of People ex rel. Letts v. Collier, 78 App. Div. 620, 79 N. Y. Supp. 671, wherein the position in dispute was simi-lar to, if not the same as, the one held by the relator; and therein it was held that such a position is confidential, and therefore exempt from competitive examination, and doubt was expressed as to the power of the Civil Service Commission, even if it sought to do so, to change the actual status of such a position, and place it in the competitive class. The action of the Civil Service Commissioners in placing the relator's position in the noncompetitive class is supported by the reasoning of that case, apart from the fact that by formal rule they have actually so classi-fied it.

Our conclusion, therefore, is that the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and HATCH and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.