PEOPLE ex rel. GRIMSHAW v. PRENDERGAST, Register of Kings County.

(Supreme Court, Special Term, Kings County. February 2, 1909.)

COUNTIES (§ 69*)—MANDAMUS (§ 101*)—COUNTY REGISTER—CERTIFICATION OF PAY ROLL.

Under Greater New York Charter (Laws 1901, c. 466) § 1543, authorizing every officer of any of the counties within the city of New York to make ratable deductions from the salaries of subordinates on account of absences without leave, the register of a county may make a ratable deduction from a subordinate's salary, absent without leave on account of illness, and where a subordinate, entitled to his salary until his removal or suspension for cause subject to a ratable deduction for absence without leave, was absent with leave on account of illness, and then received notices from the register and his deputy that his leave would extend to a designated date, and that thereafter he would be suspended from pay until such time as he returned to work, and he remained absent after the designated date, the register in his discretion could make a ratable deduction from the salary after such date, and the subordinate could not by mandamus compel the register to certify to the civil service commission pay rolls or supplemental pay rolls for the balance of his salary.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–116; Dec. Dig. § 69;* Mandamus, Cent. Dig. §§ 211–216; Dec. Dig. § 101.*]

Mandamus by the people, on the relation of William A. Grimshaw, against William A. Prendergast, register of Kings county, to compel defendant to certify to the Civil Service Commission pay rolls or supplemental pay rolls in favor of relator. Denied.

Order and decision affirmed without opinion in 132 App. Div. 937, 116 N. Y. Supp. 1144, 197 N. Y. 538, 91 N. E. 1119.

The following is the order denying relief:

A motion having been made herein upon an order to show cause bearing date the 7th day of January, 1909, returnable before this court on the 12th day of January, 1909, for an order granting to the above-named relator a peremptory writ of mandamus requiring the defendant herein to prepare, furnish, and certify to the civil service commission of the state of New York pay rolls or supplemental pay rolls for the months of November and December, 1908, containing the name of the relator at a salary of one hundred and twenty-five dollars ($125) for each of said months or the difference between said sum of one hundred and twenty-five dollars ($125) for each of said months and the amounts already certified therefor as required by law and the rules made pursuant to law, to the end that the said salary may be paid to the relator.

And the motion having duly come on to be heard:

Now, on reading and filing the said order to show cause, and the petition of the relator duly verified the 7th day of January, 1909, and the answering affidavit of the defendant duly verified the 12th day of January, 1909, and, after hearing Robert H. Wilson, Esq., of counsel for the relator, in favor of said motion, and Jesse Fuller, Jr., Esq., of counsel for the defendant in opposition thereto, and due deliberation having been had thereon, now, on motion of Jesse Fuller, Jr., Esq., attorney for the defendant, it is ordered that the motion for an order granting to the above-named relator a peremptory writ of mandamus as prayed for herein be, and the same is hereby, denied as a matter of law, and not in the exercise of discretion.

Robert H. Wilson, for the motion.
Jesse Fuller, Jr., opposed.

MADDOX, J. Relator held a definite position, and his salary was an incident thereto; his tenure being protected by statute. He was

subject to removal and suspension for cause, and until removed or suspended. in manner as provided by statute, was entitled to his salary, but subject, however, to a ratable deduction therefrom, in the discretion of the respondent, for any absence without leave. He was not removed or suspended for cause. Because of illness he was absent from his office, and failed to perform his duties for several months prior to December 17, 1908, with the leave and permission of the respondent as he claims. About November 5, 1908, the deputy register, in writing, notified the relator that his "leave of absence is extended with pay to include November 16, 1908." After "that date" that he would "be suspended from pay until such time as" he returned "to work," and about November 7, 1908, relator received a like written notice from the respondent.

As a matter of fact, his absence from November 17th and until his return was without leave. That is made plain from the notices given to him; his "leave of absence" having been extended to November 16th only. It is not made to appear that he was suspended, though he was advised that he would be if his absence from duty was continued after that date.

By the charter (section 1543) the respondent, as a county officer, had the power to make a ratable deduction from relator's salary on account of his absence from duty from November 17th to December 17th; such absence from duty being "without leave," and therefore relator has shown no clear legal right to the writ sought.

Motion denied.