## REILLY v. CITY OF NEW YORK.

(Municipal Court of City of New York, Borough of Manhattan, Ninth District.
December 23, 1912.)

MUNICIPAL CORPORATIONS (§ 213*)—SALARY OF OFFICERS—DEDUCTION FOR AB-
SENCE.

Under New York City Charter (Laws 1901, c. 466) § 1543, providing that
heads of departments may deduct from the salaries of subordinates for
absence without leave, the commissioner of bridges had authority to de-
duct from the salary of an auditor of the department of bridges for time
absent without leave or notice, though his absence was caused by sick-
ness, especially where the sickness was not of such sudden or disabling
character as to prevent the auditor's applying for leave or giving notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
573, 574; Dec. Dig. § 213.*]

Action by Arthur T. Reilly against the City of New York. De-
fendant is entitled to judgment.

Max Schleimer, of New York City, for plaintiff.
Archibald R. Watson, Corp. Counsel, of New York City (Henry
J. Shields, of Brooklyn, of counsel), for defendant.

STURGES, J. In the year 1911 plaintiff was employed as an audi-
tor in the department of bridges of the city of New York at an annual
salary of $2,700, or $225 a month. He received $157.50 for the month
of April, $152.42 for the month of July, and $37.50 for the month of
September. He claims $67.50 balance of salary for April, $72.58
balance for July, $15 balance for September, and $90 for salary in
November. He resigned September 8th, was reinstated October 2d,
and was removed from his position on November 13th. Subsequently,
in March following, the action by which he was removed was re-
scinded, and he was allowed to resign. The amounts which plaintiff
seeks to recover were deducted from his salary for April, July, and
September by reason of his absence from duty during the periods
for which the deductions were made; and he also claims salary for
12 days in November. Plaintiff contends that the deductions were
unauthorized by reason of the fact that his absence was due to illness;
his testimony showing that at the times in question he was ill, either
in a hospital or at his home. Defendant claims that the deductions
from the monthly salary payable to the plaintiff were lawfully made
by virtue of the provisions of section 1543 of the Charter (Laws 1901,
c. 466), which provides:

"Every head of department or borough president and every officer of any
of the counties contained within the territorial limits of the city of New
York is empowered to make ratable deductions from the salaries and wages
of the employés and subordinates of his department or office on account of
absence from duty without leave."

The testimony shows that in the month of January, 1911, plaintiff
was absent from duty without leave, and upon his return to work

learned that a deduction was about to be made from his salary for that month by reason of such absence, and applied to the commissioner of bridges with the request that his salary be paid in full for that month. The commissioner at that time acceded to plaintiff's request, informing him that in the future no allowance would be made for absence without leave. After plaintiff had received his salary for the month of April, from the full amount of which deductions had been made for his absence during that month, he applied to the chief clerk of the department, requesting that he be allowed his full salary, and was then advised by the latter that the deductions had been made by direction of the commissioner, and that his remedy was to see the commissioner. Plaintiff did not apply to the commissioner, probably because of what he had been told the January preceding. After he had received his pay for the month of July, from which deductions had been made for absences during that month, he applied to the deputy commissioner for his full pay, who declined to allow it. At no time did the plaintiff receive or apply for leave of absence, or notify the commissioner of his absence, or the reason therefor. It is contended, however, on his behalf that the provision of the statute is not applicable where the absence of an employé or subordinate is actually due to illness, which might constitute a sufficient ground upon which to apply for leave for absence. I am unable to read into the statute any such exception. The language is clear and unambiguous, and vests proper discretion in the heads of departments to take the action therein prescribed. Circumstances might be shown sufficient to justify the head of a department, by whose direction deductions had been made from the salary of an employé, to rescind such action; but there is nothing in the case at bar to show that plaintiff's illness was of such a sudden or completely disabling character as to prevent him from applying for leave of absence, or from communicating with the department after he became ill, and procuring leave of absence. He knew from his interview with the commissioner in January that he would not receive his full salary for absence from duty without leave, and also when he signed the pay rolls in April and July, from which deductions had been made from his salary for such absence. It is not necessary to consider the reasons for enacting the provisions of the Charter under which the commissioner acted in directing the deductions to be made from plaintiff's salary. Such a provision is manifestly for the best interests of the city in the administration of its departments, and its legality cannot be questioned. I am unable to see how the exercise by the commissioner of a discretion expressly given by statute can be reviewed in an action such as the case at bar. The plaintiff was absent without leave, and by reason of such absence ratable deductions from his salary for the time he was absent were made by the commissioner or head of the department in which plaintiff was employed. This question has been considered in People ex rel. Grimshaw v. Prendergast, 132 App. Div. 937, 135 N. Y. Supp. 164, affirmed 197 N. Y. 538, 91 N. E. 1119. This was an application for a peremptory writ of mandamus to require the register

of Kings county to certify to the civil service commission pay rolls for certain months, in order that the relator might secure his full salary for those months; he having been absent from duty on account of illness. Maddox, J., says:

"The relator held a definite position, and his salary was an incident thereto; his tenure being protected by statute. He was subject to removal and suspension for cause, and, although removed or suspended in manner as provided by statute, was entitled to his salary, but subject, however, to a ratable deduction therefrom, in the discretion of the respondent, for any absence without leave. * * * By the Charter (section 1543) the respondent, as a county officer, had the power to make a ratable deduction from relator's salary on account of absence from duty from November 17th to December 17th, such absence from duty being 'without leave'; and therefore relator had shown no clear legal right to the writ sought. The writ was denied."

In People ex rel. Meany v. Metz, reported in N. Y. Law Journal, May 2, 1905, a similar application was made by the relator, who because of serious illness had been unable to perform his duties. Stapleton, J., says (opinion apparently not reported):

"Ratable deductions from salaries of subordinates may only be made on account of absence from duty without leave. Greater N. Y. Charter, § 1543. It is conceded relator was absent with leave. The defendant was confronted with the obligation to remove the relator to determine the salary, fixed by the board of aldermen (Greater N. Y. Charter, §§ 56, 1543), and attached to his employment as an inseparable incident."

The writ was issued. The case of O'Hara v. City of New York, 33 Misc. Rep. 53, 66 N. Y. Supp. 909, cited by plaintiff's counsel, was decided in 1900, which was prior to the amendment of section 1543 of the Charter, which was enacted in 1901. In that case the plaintiff, who had become incapacitated by illness, communicated from time to time with his superior respecting his condition, and was carried on the pay rolls of the city until his death. The court said, under those circumstances:

"While sickness may furnish sufficient reason for the removal of a public officer, when his absence on that account has been permitted, he is entitled to compensation until some action is taken on the subject. * * * The assignor was carried on the defendant's pay roll, the defendant received reports from time to time as to his condition, and not only took no action in the matter, but inferentially assented to the absence."

Defendant is entitled to judgment.