(84 Misc. Rep. 435)

## DOWNEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

MUNICIPAL CORPORATIONS (§ 220*)—SALARY OF EMPLOYÉS—DEDUCTION FOR ABSENCE.

> Under New York City Charter (Laws of 1901, c. 466) § 1543, providing that heads of departments may deduct from salaries of subordinates for absence without leave, the superior of a telephone operator in the Public Works Department could deduct the salary of such employé absent without leave on account of illness.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Patrick H. Downey against the City of New York. From a judgment rendered in favor of the defendant after a trial by the court, plaintiff appeals. Affirmed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Theodore I. Schwartzman, of Brooklyn (Isidore Solomon, of Brooklyn, of counsel), for appellant.

Archibald R. Watson, of New York City (Clarence L. Barber, of New York City, of counsel), for respondent.

GUY, J.   Plaintiff, a telephone operator in the Public Works Department in this city, sues to recover salary at the rate of $750 per annum from May 10 to November 30, 1912, while he was absent without leave because of illness. Plaintiff suffered from tuberculosis to such an extent that he was unable to do any work from May 1, 1912, and he is still suffering therefrom, and was and still is a patient at the State Sanitarium known as Seton Hall at Spuyten Duyvil.

In May, 1912, plaintiff's wife and physician notified his superior of his condition. He was absent from his work from May 1 to November 30, 1912, by reason of such illness. On November 30, 1912, he was duly notified of his discharge, by reason of a reduction in force. For the ten days from May 1 to May 10, 1912, during which plaintiff was absent from duty while he had sick leave, he was paid. After May 10th he had no leave, and his name was, by his superior's order, duly marked on the pay rolls "absent without leave." Plaintiff was a city employé, not a city officer. Where a city employé is absent without leave on account of illness, his superior may deduct, and in the case at bar did deduct, his salary during the term of such absence without leave. Charter, § 1543; People ex rel. Grimshaw v. Prendergast (Sup.) 135 N. Y. Supp. 164, 165, affirmed 132 App. Div. 937, 116 N. Y. Supp. 1144, affirmed 197 N. Y. 538, 91 N. E. 1119; Reilly v. City of New York (Mun. Ct.) 139 N. Y. Supp. 718.

---

A city employé absent from duty without leave cannot recover salary without service.

In the Brooklyn Special Term cases cited by appellant' the employé was absent with leave.

Judgment affirmed, with costs. All concur.