DEVLIN v. CITY OF NEW YORK.

(Municipal Court of City of New York, Borough of Manhattan. First District. November 16, 1914.)

1. MUNICIPAL CORPORATIONS (§ 191*)—OFFICERS AND EMPLOYÉS—COMPENSA-TION—"PUBLIC OFFICER."

An inspector of foods in the department of health of the city of New York, appointed by such board pursuant to Greater New York Charter (Laws 1901, c. 466) § 1181, and who worked under a person who acted under the chief of the division of food inspection, was not a "public officer," though he took an oath of office before the assistant chief clerk, which was filed with the board of health, especially as such oath did not satisfy the requirements of section 1548, requiring persons elected or appointed to a city office to take an oath before the mayor or any judge of a court of record, which oath must be filed with the city clerk; and even though he was a public officer, where he left the city for several months on private business without obtaining leave of absence, and upon his return applied for leave of absence, which was granted without pay, he could not recover compensation for the time of his absence, in view of section 1543, authorizing any head of a department to make ratable deductions from the salaries and wages of employés and subordinates on account of absences from duty without leave.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 525–529; Dec. Dig. § 191.*

For other definitions, see Words and Phrases, First and Second Series, Officer.]

2. MUNICIPAL CORPORATIONS (§ 162*)—OFFICERS AND EMPLOYÉS—COMPENSA-TION.

Under Greater New York Charter (Laws 1901, c. 466) § 1569b, as added by Laws 1912, c. 251, providing that the head of a city department, or other officer, board, or body vested with the power of appointment and employment, may, upon application of any officer or employé of such department, office, or board, grant to such officer or employé a leave of absence from duty without pay, where a city employé left the city for several months without leave of absence, and upon his return applied for leave of absence, which was granted him without pay, he could not recover his salary for the time he was absent, on the theory that, not having applied for leave of absence without pay, the leave of absence granted

was not in conformity with the law, since, if the leave granted was not lawful, no leave of absence had been granted, and he might be dismissed for willful abandonment of his duties without permission.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 357–367, 369, 372, 374; Dec. Dig. § 162.*]

Action by Eugene S. Devlin against the City of New York. Judgment for defendant, dismissing the action on the merits.

George P. Foulk, of New York City, for plaintiff.

Frank L. Polk, Corp. Counsel, of New York City (Henry J. Shields, of New York City, of counsel), for defendant.

SPIEGELBERG, J. [1] The plaintiff, an inspector of foods in the department of health of the city of New York, left the city in the beginning of the month of December, 1912, on private business, without having obtained leave of absence, and remained away until early in April, 1913, when he resumed his duties in the department. Upon his return he applied for leave of absence for the time that he was away, and it was granted to him, but without pay. He now brings this action for salary for the period from December 1, 1912, to April 1, 1913, on the ground that, being a public officer, the salary was an incident to the office and that consequently the defendant could not deprive him of any portion thereof. It does not appear what the duties of the plaintiff were, except what may be implied by the title of his position and by section 1264 of the Greater New York Charter, which gives the inspectors of the health department the power to arrest persons for certain violations; but it does appear that the plaintiff worked under a Mr. Woods, who in turn acted under the direction of the chief of the division of food inspection, and that said Woods assigned the plaintiff to particular work. It is unnecessary to enter into a discussion of the vexed question of the difference between a public officer and an employé. In many cases it is difficult to draw the dividing line. It appears to me that in the case of the plaintiff's duties "there is entirely lacking any suggestion of those powers and responsibilities and of that independent action * * * which are inevitably incidental to a public office." People ex rel. Hoefle v. Cahill, 188 N. Y. 489, at page 493, 81 N. E. 453. In People ex rel. O'Toole v. Hamilton, 98 App. Div. 59, the court says at page 62, 90 N. Y. Supp. 547, 549:

"It is difficult to define the term 'public officer,' so as to have a definition that will apply and point out the distinction in every given case. In general, where either the people or the Legislature create an office or designate a person to perform some function of government, the head of such an office would be a public officer; whereas, if the head of such an office delegates part of his work to a number of persons employed to carry out the details of the work, we think the persons so appointed would, generally speaking, be holders of positions."

The plaintiff was appointed by the board of health pursuant to the power conferred upon it by section 1181 of the Greater New York Charter, which provides that the board of health shall appoint "so many of the other officers, clerks, inspectors and subordinates allowed, pursuant to this chapter, as may be necessary to conduct and transact the .

---

* For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

business of the health department, in each of the said boroughs." The only positions in the department of health created by the statute itself are found in section 1185, which provides for sanitary inspectors, and section 1194, which provides for the commissioner of health, sanitary superintendent, secretary, assistant sanitary superintendents, the registrar of records, the assistant registrars of records, and the chief clerk. The cases of Smith v. City of Brooklyn, 6 App. Div. 134, 39 N. Y. Supp. 990, and Stoddart v. City of New York, 80 App. Div. 254, 80 N. Y. Supp. 344, have no application to this case, for the reason that they were cases of illegal removals of sanitary inspectors, which positions were provided by statute, and the compensation for the position was likewise fixed by law. Emmitt v. Mayor, 128 N. Y. 117, 28 N. E. 19, was the case of an inspector of masonry upon the aqueduct, which office was "one created by the act."

The plaintiff lays stress upon the fact that upon assuming his position he took an oath of office, which was subscribed and sworn to before the assistant chief clerk and filed in the office of the board of health. The same oath was subscribed by all employés in the department of health, including clerks, stenographers, and inspectors. This oath is not provided for by any statute. It does not satisfy the requirements of section 1548 of the Greater New York Charter, by virtue of which every person elected or appointed to an office under the city government shall take and subscribe before the mayor, or any judge of a court of record, an oath faithfully to perform the duties of his office, which oath must be filed with the city clerk. Although the taking of an oath is a necessary incident to public office, it does not follow that the taking of an oath makes an employé in the city government a public officer. In People v. Salomon, 212 N. Y. 446, at page 453, 106 N. E. 111, 113, the court held that a county detective in the office of the district attorney who "took an oath of office and was upon the city and county payroll" was not a public officer, but an employé or subordinate.

But, even assuming that the position occupied by the plaintiff has all the incidents of a public office, section 1543 of the Greater New York Charter specifically confers authority upon the board of health to provide that any failure of any officer, agent, or employé to duly discharge his duties shall cause a forfeiture of the whole or any less portion of the salary of any such officer, agent, or employé. This provision has been upheld in cases far more extreme than the one under consideration. People ex rel. Grimshaw v. Prendergast (Sup.) 135 N. Y. Supp. 164, affirmed without opinion 132 App. Div. 937, 116 N. Y. Supp. 1144, and 197 N. Y. 538, 91 N. E. 1119; Reilly v. City of New York (Mun. Ct.) 139 N. Y. Supp. 718; Downey v. City of New York, 84 Misc. Rep. 435, 146 N. Y. Supp. 145.

[2] The plaintiff makes the curious plea that a head of a city department may grant leave of absence from duty without pay upon the application of any officer or employé (section 1569b of the Greater New York Charter, added by Laws 1912, c. 251), and that, inasmuch as the plaintiff did not make an application for a leave of absence without pay the leave granted by the health department was not in conformity with the law. If the plaintiff's contention were carried to its logical conclu-

sion, no leave of absence was granted, and consequently this plaintiff could be dismissed for willful abandonment of his duties without permission. The plaintiff has no cause for complaint in this case. To grant judgment to the plaintiff would go contrary to our ideas of government functions, which require that adequate service be rendered by officials high and low for compensation received. The plaintiff, without permission and without notice to his superiors, suddenly left his work to be gone several months. Notwithstanding the liberal treatment which he received on his return, by having his leave of absence made retroactive, he seeks to recover from the city compensation for services which he did not perform and willfully abandoned.

There is judgment for the defendant, dismissing the action on the merits.