In the Matter of the Petition of JOSEPH B. CONOLLY, Appellant, for a Peremptory Mandamus Order against EDWARD E. CRAFT, as Commissioner of Finance of the City of Glen Cove, Respondent.

Second Department, May 4, 1923.

Municipal corporations — city of Glen Cove — mandamus to compel payment of salary of health officer — health officer is employee of city without definite term and not public officer — Glen Cove Charter, §§ 20 and 25, and Public Health Law, § 20, construed.

The health officer of the city of Glen Cove is an employee of the city under sections 20 and 25 of the Glen Cove Charter since he is not enumerated as a public officer and it is provided that he shall be appointed by the commissioner of public safety and section 20 of the Public Health Law, which provides for the appointment of a health officer by the board of health for a term of four years, does not apply in this case.

Accordingly, the petitioner who was duly appointed from an eligible list as health officer of the city of Glen Cove, and whose appointment was approved by the city council, is entitled to serve indefinitely and until removed, and, therefore, the commissioner of finance will be compelled by mandamus to pay his salary which he refused to pay on the ground that the petitioner was not the health officer but that another doctor whom the board of health appointed after the petitioner was appointed was the health officer of the city.

APPEAL by the petitioner, Joseph B. Conolly, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 17th day of November, 1922, denying his motion for a peremptory mandamus order.

*Jackson A. Dykman,* for the appellant.

*W. Irving Harrold,* for the substituted respondent, Craft.

KELBY, J.:

The proceeding was instituted for a peremptory mandamus order requiring the then respondent, Valentine, as commissioner of

finance of the city of Glen Cove, to pay to the petitioner, out of city funds, the sum of $300, due and owing to him as compensation as health officer of said city for the months of April and May, 1922.

During the pendency of this proceeding the respondent Valentine resigned as commissioner of finance of the city of Glen Cove, and Edward E. Craft succeeded him by appointment of the city council. By stipulation Mr. Craft was substituted as respondent in the place of Mr. Valentine, and W. Irving Harrold was substituted as attorney for Mr. Craft in the place of Payne, Wood & Littlejohn, the attorneys for the former respondent, Mr. Valentine. There is no controversy of fact disclosed from an examination of the papers.

The following facts appear from the petition: The petitioner, Joseph B. Conolly, is an employee of the city of Glen Cove, having passed a competitive examination conducted by the municipal civil service commission of the city of Glen Cove and having been " duly certified by such Commission as eligible and appointed to the position of Health Officer by the Commissioner of Public Safety on October 21, 1918, on which date this appointment was ratified and confirmed by the City Council." Petitioner's compensation was fixed on March 4, 1918, in the sum of $1,800. On July 20, 1922, the commissioner of accounts of the city presented to the city council; at a regular meeting thereof, the petitioner's claim for the sum of $300 as compensation for the months of April and May, and the claim was thereupon audited and ordered paid by the city council. Thereafter the commissioner of accounts delivered to the respondent, the commissioner of finance, his warrant for the disbursement of city funds in the amount of $300, but the commissioner of finance refused to honor the warrant and to pay the petitioner's claim after demand made upon him, and publicly announced his intention of continuing in such neglect and refusal.

It is the contention of the appellant that the health officer of Glen Cove is an employee of the city and not a public officer; that his appointment must be ratified and his salary fixed by the city council; that he is appointed for an indefinite term subject to removal, and that no successor has been validly appointed.

The city of Glen Cove became a city of the third class on January 1, 1918. Its charter is chapter 787 of the Laws of 1917, as amended, and is known as the Glen Cove Charter. It appears in the record. Section 20 (as amd. by Laws of 1919, chap. 505) enumerates the officers of the city. Among others enumerated is a " commissioner of public safety." Nothing is here said about a health officer. Section 25 provides as follows: " The commissioner

of public safety. The commissioner of public safety shall have the following powers and duties as head of the public safety department: To *manage and care for* the lands, buildings, apparatus and *work* of the * * * health * * * departments; * * * To appoint a health officer." It will be noted, therefore, that this charter specifically provides for the method of appointment of the health officer, and apparently he is a subordinate of the commissioner of public safety. The learned justice at Special Term held that the health officer was a public officer and that under section 20 of the Public Health Law he held office for a term of four years. Turning to section 20 of the Public Health Law, there is found the following: " In the cities, except cities of the first and second class, *and such other cities whose charters otherwise provide*, the board [referring to local boards of health] shall appoint, for a term of four years, a competent physician, not one of its members (who shall be a citizen), to be the health officer of the city, and shall fill any vacancy that now exists or may hereafter exist from expiration of term or otherwise in the office of health officer of the city."\* Clearly this section does not apply to this particular health officer, because this is a city whose charter otherwise provides for his appointment, namely, by the designation of the commissioner of public safety.

It seems clear that the health officer is a mere subordinate of the commissioner of public safety and, in the performance of his duties, subject to the direction and control of the commissioner. In the case of *Fisher* v. *City of Mechanicville* (225 N. Y. 210) the court, in speaking of a village attorney, said: " The act incorporating the village contains a list of village officers and the village attorney is not named therein. No provision is made in the act requiring the village attorney to take an oath of office. Neither is there any provision specifying the duties which the village attorney shall perform." So in this case the health officer is not enumerated in the charter as one of the city officers, nor is any provision made for his taking an oath of office. In *Matter of Christey* v. *Cochrane* (211 N. Y. 333) the question was whether the auditor of the city of Buffalo was an independent officer or a subordinate. The Court of Appeals held that he was a public officer, the court (at p. 338) saying: " * * * it is necessary to ascertain whether or not the position of auditor of the city of Buffalo is an independent office charged with the performance of important public duties, or

---

\* See Public Health Law, § 20, as amd. by Laws of 1916, chap. 369; Laws of 1918, chap. 275; Laws of 1919, chap. 423; Laws of 1920, chap. 621, and Laws of 1921, chap. 270. The words within parentheses were inserted by the amendment of 1920.— [REP.

a subordinate position, and for that purpose reference must be had to the charter and ordinances of the city to ascertain the method of appointment to the office of auditor, the sources and nature of the duties imposed upon the person so appointed, the character and extent of the powers to be exercised, and to what officer or body the auditor is inferior or subordinate."

There are no specified duties in the charter for the health officer of the city of Glen Cove.

It must be held, therefore, as matter of law that the health officer is not a public officer.

Section 31 of the charter provides as follows: " Employees, and compensation. Each commissioner shall be entitled to such deputies, employees and laborers, and at such compensation and with such bonds as the council may determine; appointments to be made by the head of each department and ratified or confirmed by the council. Appointments to positions in the exempt class under the civil service shall be only at the pleasure of, and not longer than the term of the officer making the appointment and until the appointment and qualification of the successor." This provision was re-enacted by chapter 505 of the Laws of 1919, amending said section, and also by chapter 443 of the Laws of 1922, passed after the attempted appointment of Dr. Burns.

Under the provision of section 31, just quoted, the original appointment of the petitioner was ratified by the city council on January 28, 1918, and compensation was fixed February 18, 1918, at $1,200 a year, and increased a few months later, by like action of the council, to $1,800 a year. Thereafter, and in January, 1922, the board of health attempted to appoint a health officer when they sought to designate Dr. Maryland Burns, and thereafter the said council fixed her salary in a resolution. This appointment was invalid, because the local board of health had no power of appointment, as, under the charter, the appointment lay with the commissioner of public safety.

Thereafter, and on April 3, 1922, the then commissioner of public safety, believing that the petitioner's term had expired, attempted to appoint another doctor, named E. R. Schilling. This was submitted to the city council, with other proposed appointments, but the appointment failed of ratification by a vote of three to two. This is cited as a practical construction by the municipal authorities that an appointment to the office required the ratification of the council. I think it necessarily followed from said construction that the health officer is an employee and not an officer.

The order should be reversed on the law, with costs, and the

motion for a peremptory order of mandamus granted, with ten dollars costs.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Order reversed on the law, with costs, and motion for a peremptory order of mandamus granted, with ten dollars costs.