NELSON CANTELINE and Others, Plaintiffs, *v.* GLENN H. McCLELLAN, Individually and as Commissioner of Police of the City of Buffalo, New York, Defendants.

Supreme Court, Erie County, May 26, 1939.

*William V. Mahoney*, for the plaintiffs.

*David Diamond, Corporation Counsel*, for the defendant.

GOLD, J. In November of 1938 there was submitted to the electorate of the People of this State an amendment to section 6 of article 1 of the Constitution. The People approved the proposed amendment and accordingly such amendment became effective on January 1, 1939. Section 6 of article 1, as amended, and as now in effect, reads in part as follows: " No person shall be subject to be twice put in jeopardy for the same offense; nor shall he be

compelled in any criminal case to be a witness against himself, providing, that any public officer who, upon being called before a grand jury to testify concerning the conduct of his office or the performance of his official duties, refuses to sign a waiver of immunity against subsequent criminal prosecution, or to answer any relevant question concerning such matters before such grand jury, shall be removed from office by the appropriate authority or shall forfeit his office at the suit of the Attorney-General."

It is admitted that prior to the 31st day of January, 1939, the three plaintiffs had been directed to appear before the special prosecutor of Erie county and had been requested to sign waivers of immunity after being requested to appear before the grand jury. They refused to sign such waivers. Thereafter, in the months of February and March of the year 1939, plaintiffs were again directed to appear before the grand jury and execute waivers of immunity against subsequent prosecution and again refused to execute the same; that on the 8th day of March, 1939, the special prosecutor of Erie county informed the defendant of the refusals of plaintiffs to execute such waivers of immunity and called his attention to the provisions of section 6 of article 1 of the Constitution above set forth and was requested by the special prosecutor of Erie county to take such action as he deemed proper in the premises. Subsequently and on March 14, and on March 20, 1939, the plaintiffs were directed to appear before the grand jury and execute waivers of immunity which they again refused to do.

It is the claim of the defendant that the plaintiffs herein as police officers are public officers within the meaning of section 6 of article 1 of the Constitution, and that as such public officers the duty is imposed upon him to cause their removal from office because of their refusal to execute waivers of immunity before appearance before a grand jury.

It is the claim of the plaintiffs herein that although police officers they are not public officers within the meaning of the Constitution, and that even if they were public officers that testimony cannot be elicited from them before a grand jury as to the conduct of their office prior to January 1, 1939, the effective date of the amendment to section 6 of article 1 of the Constitution.

This is an action setting forth two causes of action herein, the first of which seeks a declaratory judgment that the court declare the legal rights, relations and duties of the parties with respect to the application of section 6 of article 1 of the Constitution of the State of New York, as amended January 1, 1939; and the second cause of action asks an injunction against the defendant as police commissioner as a means of determining whether defendant has

a right to compel the plaintiffs by order to execute a waiver of immunity and in the event of their failure to suspend them, prefer charges for their failure to execute such waiver of immunity and then remove them from their positions in the police department of the city of Buffalo.

Unfortunately the Constitutional Convention did not define " public officer " or who were intended as such, but the determination as to who are public officers was expressly left for judicial determination.

Defendant in his brief states: " There is no question in my mind but that the delegates to the convention also had in mind the present provisions of the New York City Charter. Section 903 of that charter, which became effective January 1, 1938, reads as follows:

" ' § 903. If any councilman or other officer or employee of the city shall, after lawful notice of process, wilfully refuse or fail to appear before any court or judge  *  *  *  on the ground that his answer would tend to incriminate him, or shall refuse to waive immunity from prosecution  *  *  *  his term  *  *  *  of office shall terminate.' "  .

This surely goes considerably further than the present provision of the Constitution.

Apparently the city of New York did not want anything left for judicial determination. As to classification of officials the charter specifies " councilman or other officer or employee." The constitutional amendment only specified " public officer." There is a recognized distinction between public officer and public employee. There are officers of the State and employees of the State. There are officers of the city and employees of the city. The city of New York intended to include both classifications, the Constitution only public officers.

The court must pass upon the question: " Is a policeman a public officer as contemplated by the Constitution or is he an employee of the city? " If he is a public officer he is subject to removal for refusing to sign a waiver of immunity. If he is an employee he is not subject to removal.

The courts have had difficulty in determining the distinction as is stated in *People ex rel. O'Toole* v. *Hamilton* (98 App. Div. 59), to wit: " It is difficult to define the term ' public officer ' so as to have a definition that will apply and point out the distinction in every given case. In general whether either the People or the Legislature create an office or designate a person to perform some function of government, the head of such an office would be a public officer; whereas, if the head of such an office delegates part

of his work to a number of persons employed to carry out the details of the work we think the persons so appointed would, generally speaking, be holders of positions."

The line between a public officer and a public employment has not been too clearly marked by judicial expression probably because the distinction is not too clear. The holder of a public office is in the employment of the public, but all those who are in the public employment are not public officials and do not hold public office. (*Matter of Dawson v. Knox*, 231 App. Div. 490.)

Sections 372 and 1826 of the Penal Law recognizes that there are both public officers and public employees.

It has been held that a school teacher is not a public officer. The opinion of the court states: "for it is well established by authority that a school teacher is not a public officer but is only an employee of the board of education." (*Matter of Gelson v. Berry*, 233 App. Div. 20.)

"Neither a county attorney nor any one of his assistants is a public officer. * * * They cannot bind the county other than as an attorney can bind a private client in the litigation in which he is employed." (*South Buffalo Terminals, Inc.*, v. *Grobe*, 239 App. Div. 881.)

A fireman is not a public officer. The Court of Appeals of this State held: "Neither the corporation itself, nor the officers elected under the provisions of its charter, were, at any time, by any power derived through the charter, public or civil officers, within the meaning of the Constitution." (*People v. Pinckney*, 32 N. Y. 377.)

The inspector of foods in the department of health was held not to be a public officer. (*Devlin v. City of New York*, 149 N. Y. Supp. 1061.)

The city health officer is not a public officer. (*Matter of Conolly v. Craft*, 205 App. Div. 583.)

Inspector of buildings is not a public officer. (*People ex rel. Fuller v. Coler*, 33 App. Div. 617; affd., 158 N. Y. 667.)

With reference to policemen the Court of Appeals has had this question up in various forms. Referring to captains, assistant captains and policemen this court holds:

"All these officials were, I have no doubt, public officers; and they were moreover city officers within the meaning of the Constitution." (*People v. Draper*, 15 N. Y. 532.)

"His occupation was that of a patrolman, and his position a public office, with functions which however diverse have an identity all their own." (*Matter of Ryan v. City of New York*, 228 N. Y. 16.)

" A village policeman is an officer of the State of New York, charged with protecting the peace and order of the State." (*People* v. *Lafaro*, 250 N. Y. 336.)

I, therefore, find that a policeman is a public officer as contemplated by the amendment to the Constitution hereinbefore set forth.

Another question presented is: Is the amendment prospective or retrospective in operation?

" A law is never to have retroactive effect unless its express and manifested intention requires that it should have such effect. * * *

" Constitutions as well as statutes are construed to operate prospectively only, unless on the face of the instrument or enactment the contrary intention is manifest beyond reasonable question. (*O'Reilly* v. *Utah, Nevada & California Stage Co.*, 87 Hun, 406, 412.)

Judge CARDOZO, writing for the Court of Appeals, states: " The general rule is that statutes are to be construed as prospective only * * *. It takes a clear expression of the legislative purpose to justify a retroactive application." (*Jacobus* v. *Colgate*, 217 N. Y. 235.)

Prior to the amendment of the Constitution of this State the wording of the State Constitution followed substantially that of the Bill of Rights as added to the Constitution of the United States. The wisdom of the framers of the Bill of Rights found expression in the language employed. Our forefathers in this State followed the lead of the Federal government. This has continued throughout the years until the amendment to the State Constitution which became effective on January 1, 1939.

Under said amendment a public officer who has had the same protection under the Constitution as all other citizens is in the future made more or less an exception. All other classes of citizens can refuse to sign a waiver of immunity but if a public officer refuses he shall be removed from public office.

The passage of this amendment became effective January 1, 1939. It served notice upon all public officers that the privileges theretofore guaranteed to them by the Constitution had been changed. It did not mean that the privileges they had before January 1, 1939, were also taken away. The language does not infer that. Having in mind the decisions hereinbefore referred to, I find that the amendment is prospective and not retrospective in operation; that defendant is without power or authority to compel plaintiffs to sign waivers of immunity with reference to any matter which occurred before said amendment became effective, to wit, January 1, 1939.

Let judgment be entered accordingly.