## COURT OF APPEALS,

### July 14, 1914.

# THE PEOPLE v. CHARLES SALOMON.

### (212 N. Y. 446.)

(1.) BRIBERY*—PENAL LAW, SECTION 387—WHEN PROCESS SERVER IN OFFICE OF DISTRICT ATTORNEY IS A PERSON EXERCISING THE FUNCTIONS OF A PUBLIC OFFICE.

Section 378 of the Penal Law should be so construed as to provide that it is a crime to offer or give a bribe to a person executing any of the functions of a public office other than an officer or person executing the functions of a public office mentioned in the articles and sections enumerated therein.

(2.) SAME.

It is the duty of a district attorney to enter judgment upon a forfeited recognizance and take proceedings by law to collect the same by execution and proceedings supplementary thereto. In the institution of the proceeding and conduct of the same and in procuring the service of an order therein, he is acting in the performance of a duty imposed upon him, not as an individual, but as a public officer, and anything necessary to complete performance thereof is, of necessity, a function of the office held by him, i. e., a public office. He may delegate to an appointee certain employment in such office, and, so far as the labor of said appointee is conducive to the carrying out of the duty imposed upon the office of the district attorney, it is the business and employment of said office and a function thereof, and the appointee or employee performing such duty is thereupon executing in the functions of that public office.

(3.) SAME—DEFENDANT PROPERLY CONVICTED OF ATTEMPT TO COMMIT BRIBERY FOR PAYMENT TO PROCESS SERVER OF CONSIDERATION FOR POSTPONEMENT OF SERVICE OF ORDER IN SUPPLEMENTARY PROCEEDINGS.

Where after forfeiture of a recognizance and entry of judgment thereon a district attorney procures an order for examination

* See Note, Vol. 24, p. 294.

of the judgment debtor in proceedings supplementary to execution and delivers the same to an employee of his office for service, such employee is a person exercising "the functions of a public office" within the meaning of section 378 of the Penal Law, and the defendant is properly convicted of an attempt to commit the crime of bribery where it appears that he offered and in fact paid to such employee a consideration to postpone service of the order.

(4.) SAME—PENAL LAW, SEC. 1826.

A contention that under section 1826 of the Penal Law (Art. 170) the employee was a subordinate or appointee in the office of a public officer, and if he accepted a bribe would be guilty of a crime under that section, and being a person designated in said article that the person guilty of paying the bribe, by the provisions of section 378, was excluded from indictment or punishment thereunder, cannot be sustained. The provisions of section 1826 are not applicable to the case at bar.

(5.) SAME—VALIDITY OF ORDER AND REGULARITY OF SUPPLEMENTARY PROCEEDINGS DOES NOT AFFECT VALIDITY OF INDICTMENT OR CONVICTION.

The validity of the order made in the supplementary proceedings, or the fact that the date of the same had been changed by the justice who granted the order, or that the order was returnable in New York county while the judgment creditor was a resident of Kings county, does not affect the charge of bribery made against defendant, and if the crime or attempt to commit the crime is proved such facts cannot affect the validity of the indictment or the conviction thereunder.

*People* v. *Salomon,* 157 App. Div. 916, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 20, 1913, which affirmed a judgment rendered at a Trial Term upon a verdict convicting the defendant of an attempt to commit the crime of bribery.

The facts, so far as material, are stated in the opinion.

*L. Lafin Kellogg, Alfred C. Petté* and *Clark L. Jordan,* for appellant.

The recipient of the alleged bribe was not " a person execut-
ing any of the functions of a public office " within the meaning of
section 378 of the Penal Law, but a mere employee in the office
of the district attorney. (Smith v. People, 47 N. Y. 330;
People ex rel. Jackson v. Potter, 47 N. Y. 375; Matter of Liv-
ingston, 121 N. Y. 94; Bank of Metropolis v. Faber, 150 N. Y.
200; People ex rel. Savings Bank v. Butler, 147 N. Y. 164;
People ex rel. Gilbert v. Wemple, 125 N. Y. 485; People ex rel.
Westchester Fire Ins. Co. v. Davenport, 91 N. Y. 574; Cooper
Mfg. Co. v. Ferguson, 113 U. S. 727; People ex rel. Hoefle v.
Cahill, 188 N. Y. 489; People ex rel. Corkhill v. McAdoo, 98
App. Div. 312; People v. Hamilton, 90 N. Y. Supp. 547; Olm-
stead v. Mayor, etc., 10 J. & S. 481; Tepidino v. City of New
York, 50 Misc. Rep. 324; Padden v. City of New York, 45
Misc. Rep. 517; Matter of Ostrander, 12 Misc. Rep. 476;
United States v. Germaine, 99 U. S. 508; United States v.
Cole, 130 Fed. Rep. 614.) Section 378 specifically excludes
all persons designated in article 170 of the Penal Law, which
specifically includes an employee in a public office. (United
States v. Wiltberger, 5 Wheat. 6.) In the act of service of
the order for examination of the judgment debtor in the supple-
mentary proceedings Rooney was not " a person executing any
of the functions of a public office " within the meaning of section
378. (Code Civ. Pro. § 433; Matter of Meyer v. Con. Ice Co.,
198 N. Y. 471; Matter of Dawes, 108 App. Div. 174.) The
order in the supplementary proceedings was invalidly issued and
altogether void, and for that reason also Rooney was not execut-
ing the functions of a public office. (Code Crim. Pro. § 595;
Code Civ. Proc. § 2459; Kilbourn v. Thompson, 103 N. Y. 168;
Ex parte Rowland, 104 U. S. 604; Ex parte Fiske, 113 U. S.
713; Matter of Barnes, 204 N. Y. 108; Matter of Union Bank,
204 N. Y. 313.)

*Charles S. Whitman, District Attorney (Robert S. John-stone* and *Stanley L. Richter* of counsel), for respondent. Rooney was a person executing a function of a public office with respect to the service of the supplementary proceedings order.   (L. 1882, ch. 410, § 1480; People v. Cowan, 146 N. Y. 348; State v. Hyde, 121 Ind. 20; United States v. Ingham, 97 Fed. Rep. 935; People ex rel. Hoefle v. Cahill, 188 N. Y. 489; People ex rel. Corkhill v. McAdoo, 98 App. Div. 312.) The validity or invalidity of the supplementary proceedings order was entirely immaterial.   (People v. Cowan, 146 N. Y. 348; Matter of Donovan, 159 App. Div. 228; Thayer v. Thayer, 145 App. Div. 268; Matter of Cotton, 55 Misc. Rep. 321; Merrill v. Allin, 46 Hun, 623; People v. Jackson, 191 N. Y. 293; State v. Ellis, 33 N. J. L. 102; Glover v. State, 109 Ind. 391; Moseley v. State, 25 Tex. App. 515; State v. Lehman, 182 Mo. 424; People v. McGarry, 136 Mich. 316; People v. Salisbury, 134 Mich. 537.)

HOGAN, J.:

The defendant was indicted by the grand jury of the county of New York for the crime of bribery, alleged to have been committed under the following circumstances:

An indictment charging one Baumann and two other persons of the crime of robbery in the first degree had been presented by the grand jury of the county of New York on or about July 25th, 1911.   On that day, Baumann as principal and one Barbara as surety entered into a recognizance for the appearance of Baumann (in the sum of five thousand dollars), which recognizance was duly allowed by the court.

On October 19th, 1911, Baumann failed to appear, the recognizance was forfeited and judgment was entered thereon under section 1480 of the Consolidation Act, Laws of 1882, chapter 410.   The judgment entered, notwithstanding the ab-

sence of personal service upon Barbara, the surety defendant, was authorized. (People v. Cowan, 146 N. Y. 348.) After entry of such judgment execution was issued thereon and subsequently returned *nulla bona.*

On November 22nd, 1911, an order for the examination of Barbara in proceedings supplementary to execution was granted on the application of the district attorney, and delivered by the district attorney to one Daniel Rooney, a process server in the office of the district attorney, for service on Barbara.

The defendant was charged with the crime of bribery and convicted of an attempt to commit the crime of bribery by reason of his conduct in offering to Rooney, and in fact paying to him, a consideration to postpone service of the order on Barbara.

Upon the trial the trial justice held that defendant was charged with a crime under section 378, Penal Law, and upon the argument of the appeal it was conceded by the district attorney and counsel for the appellant that the provisions of section 378 of the Penal Law alone applied to the case. The trial justice charged the jury that Rooney, the process server, was not a public officer, but was a person exercising the functions of a public officer, and, therefore, the charge against the defendant was covered by section 378 of the Penal Law.

On behalf of the defendant it was argued that under section 378 of the Penal Law, Rooney was not a person " exercising any of the functions of a public office," and that said section of the Penal Law did not in any event include the offense for which the defendant was convicted.

Section 378 of the Penal Law is as follows:

" A person who gives or offers, or causes to be given or offered, a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, to a person executing any of the functions of a public office, other than one of the

officers or persons designated in articles one hundred and twenty-four, one hundred and seventy, and in sections three hundred and seventy-one and twenty-three hundred and twenty of this chapter, with intent to influence him in respect to any act, decision, vote, or other proceeding, in the exercise of his powers or functions, is punishable by imprisonment for not more than ten years, or by a fine of not more than five thousand dollars, or both."

This section is in substance the language of section 78, Penal Code, save that the Penal Code referred to title 7 (now article 124, Penal Law), title 6 (now article 170, Penal Law), section 71 (now section 371, Penal Law), and that section 2320 of the Penal Law was added by chapter 692, Laws of 1893.

" The Penal Code (now the Penal Law)  *  *  *  was enacted in harmony with the tendency of recent legislation, for the purpose of embodying in a single statute the system of criminal law applicable to the state, and substituting the statute so enacted in place of the great number of statutes and amendments of statutes which together, before the enactment of the Code, constituted the body of the criminal law."  (People v. Jaehne, 103 N. Y. 182, 192.)

While the crime of bribery is one affecting the public interests, still a person charged with an offense the punishment of which will deprive him of his liberty is entitled to have the People point to a statute clearly defining the crime charged against him.

Was the offense charged against the defendant made a crime by section 378, Penal Law?  The language of this section requires that the offer to give a bribe must be:

(a)   Made " to a person executing any of the functions of a public office; "

(b)   The person so bribed or attempted to be bribed must be an officer or person other than one of the officers or persons

designated in the articles and sections of the Penal Law enumerated in the section.

An examination of the articles and sections mentioned discloses:

Article 124, sections 1327, 1328, makes a person who gives or offers or causes to be given or offered a bribe to a member of the legislature, or a member of the legislature who asks, receives or agrees to receive a bribe, guilty of the crime of bribery. Article 170, sections 1822, 1823, 1837, likewise makes the giving or offer of a bribe, to an executive or administrative officer or the solicitation, acceptance or agreement to accept a bribe by such officer a crime. Sections 371, 372 of the Penal Law make the offer or giving of a bribe or the asking or acceptance of the same by " a judicial officer, juror, referee, arbitrator, appraiser or assessor, or other person authorized by law to hear and determine any question   *   *   * "    a felony. Section 2320 is limited to tax appraisers under the Inheritance Tax Law.

Other provisions of article 170, which is entitled " Public Offices and Officers," make certain defined acts by ministerial officers a crime, likewise acts of individuals intruding into office or interfering with acts of public officers.

Had the defendant been indicted for bribery of a member of the legislature, such offense would not be a violation of section 378, Penal Law, for two reasons, *first*, because the officer bribed was, by the express language of the section, excluded therefrom, and, *second*, because the offense would fall under section 1327, article 124. The same reasoning would apply to executive and administrative officers under article 170 above referred to.

The various articles and sections make reference to acts of *persons*, and as the term *person* is used in section 378, we must construe the meaning of that term in the section referred to.

Does it mean any person referred to in the articles or sections? If so, a subordinate of any ministerial officer who accepts a bribe (section 1838) would be guilty of a misdemeanor and the person guilty of giving the bribe would escape punishment. If the word " *person* " as used in section 378 refers only to a person executing the duties of an office in article 170, which is entitled " Public Offices and Officers," the section would then provide that it was a crime to offer or give a bribe to a person executing any of the functions of a public office other than an officer or person executing the functions of a public office mentioned in the articles and sections enumerated.

Such construction of the section is the more reasonable one to adopt. We are next to inquire: (a) Was Rooney a person executing any of the functions of a public office? (b) If so, were such functions so exercised by him *other* than the functions of a public office exercised by the officers in the articles and sections enumerated?

The evidence discloses that Rooney was appointed as one of a number of county detectives connected with the office of the district attorney by District Attorney Jerome, and was continued by District Attorney Whitman. He took an oath of office and was upon the city and county payroll. The title of the position held by him was changed from county detective to process server some two years before Mr. District Attorney Jerome left office; the duties of the position remained the same and were as described by him " under the chief clerk to serve subpœnas and all manner of papers which the assistants or deputies therein asked me to serve, such as orders in supplementary proceedings, motions for special juries and things of that kind."

Rooney while not a public officer was an employee or a subordinate appointed by the district attorney for the performance of such work in the office of the district attorney in the nature

of process serving or clerical work as he might be called upon to perform.

It was the duty of the district attorney to enter judgment upon the forfeited recognizance and take proceedings by law to collect the same by execution and proceedings supplementary thereto, and while, under the provisions of the Code, any adult was qualified to make due service of an order in supplementary proceedings, the district attorney in the institution of the proceeding and conduct of the same and in procuring the service of the order was acting in the performance of duty imposed upon him, not as an individual, but as a public officer in the performance of such duty, and anything necessary to complete performance thereof would of necessity be a function of the office held by him, *i. e.*, a public office.

" Function " is defined by the Century Dictionary as " that which one is bound or which it is one's business to do ; business ; duty ; employment." It was a function of the office of the district attorney to collect the judgment recovered in favor of the People. The duty thus imposed by law extended to every employment essential to a complete performance thereof. Had the district attorney as a public officer undertaken the task of personally serving the order on the judgment debtor he would still be engaged in executing the functions of a public office, not because he was the district attorney, but by reason of his act in carrying out the obligation imposed upon the office occupied by him, and if in the personal attempt by the dictrict attorney to serve such order a bribe had been offered him, would it be a defense to the charge that service might have been made by an adult?

The district attorney is authorized to appoint and employ subordinates to aid him in the discharge of the obligations of said office, and may delegate to an appointee certain employment in such office, and, so far as the labor of said appointee

is conducive to the carrying out of the duty imposed upon the office of the district attorney, it seems to us that it is the business and employment of said office and a function thereof, and the appointee or employee performing such duty is thereupon executing the functions of that public office.

To illustrate, a person is under indictment for a crime charged as a second offense. It is the duty of the district attorney to prove the judgment of a former conviction. While engaged in the trial he directs a clerk appointed by him to procure from the clerk's office the judgment of the former conviction, and while the clerk is returning with the same a bribe is paid to him for delivery to the briber of the judgment roll. Would not the clerk in the supposed case be " a person executing the functions of a public office," to wit, the performance of a duty imposed upon the office of the district attorney? Had the custodian, the county clerk, been subpoenaed to produce the judgment and having sent a subordinate in his office with the records and the bribe been offered to the subordinate, the latter would be " a person executing the functions of a public office," *i. e.*, the office of county clerk in performance of a duty by the latter under provisions of law.

It is argued that under section 1826, Penal Law, article 170, Rooney was a subordinate or appointee in the office of a public officer, and if he accepted a bribe would be guilty of a crime under that section, and being a *person* designated in said article that the person guilty of paying the bribe by the provisions of section 378 was excluded from indictment or punishment thereunder. Section 1826 of the Penal Law, article 170, was originally section 48 of the Penal Code, and read as follows:

" § 48. Taking Unlawful Fees.—An executive officer who asks or receives any emolument, gratuity or reward, or any promise of emolument, gratuity or reward, except such as may be

authorized by law, for doing any official act, is guilty of a misdemeanor."

By chapter 336, Laws of 1890, the section was amended so as to read (now section 1826, Penal Law):

" A public officer or a deputy, clerk, assistant or other subordinate of a public officer, or any person appointed or employed by or in the office of a public officer, who shall, in any manner act for or in behalf of any such officer, who asks or receives, or consents or agrees to receive, any emolument, gratuity or reward, or any promise of emolument, gratuity or reward, or any money, property or thing of value or of personal advantage, except such as may be authorized by law for doing or omitting to do any official act, or for performing or omitting to perform, or for having performed or omitted to perform any act whatsoever directly or indirectly related to any matter in respect to which any duty or discretion is by or in pursuance of law imposed upon or vested in him, or may be exercised by him by virtue of his office, or appointment or employment or his actual relation to the matter, shall be guilty of a felony, punishable by imprisonment for not more than ten years or by a fine of not more than four thousand dollars, or both."

We do not agree to the construction of section 1826 claimed for by the appellant. That section is headed " Taking Unlawful Fees " and describes certain officers and persons who shall be guilty of a crime in the event that they ask or receive for doing or omitting to do certain enumerated acts for and in consideration of a gratuity or fee *except such as may be authorized by law,* and the provisions of that section are not applicable to the case at bar.

The validity of the order made in the supplementary proceedings, or the fact that the date of the same had been changed by the justice who granted the order, or that the order was returnable in New York county while the judgment creditor was a

resident of Kings county, does not affect the charge of bribery made against the defendant, and if the crime or attempt to commit the crime is proved, such facts cannot affect the validity of the indictment or the conviction thereunder.   (People v. Jackson, 191 N. Y. 293.)

The judgment of conviction should be affirmed.

WERNER, CHASE and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., and COLLIN, J., dissent on the ground that the party bribed was not a person executing any of the functions of a public office; CUDDEBACK, J., not voting.

Judgment of conviction affirmed.