The People of the State of New York, Respondent, *v.* Frank H. Berg, Jr., Appellant.

The People of the State of New York, Respondent, *v.* Albert Levin, Appellant.*

Second Department, February 14, 1930.

* Affd., 254 N. Y. ——.

*Henry A. Uterhart* [*Anthony Horn* for the defendant Berg, and *Philip Simon* for the defendant Levin, with him on the brief], for the appellants.

*Charles W. Froessel, Assistant District Attorney* [*Richard S. Newcombe, District Attorney,* and *Edmund Rowan, Assistant District Attorney,* with him on the brief], for the respondent.

YOUNG, J. The defendants were indicted for a violation of section 378 of the Penal Law, which is as follows:

" § 378. Bribing certain public officers. A person who gives or offers, or causes to be given or offered, a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, to a person executing any of the functions of a public office, other than one of the officers or persons designated in articles one hundred and twenty-four, one hundred and seventy, and in sections three hundred and seventy-one and twenty-three hundred and twenty of this chapter, with intent to influence him in respect to any act, decision, vote, or other proceeding, in the exercise of his powers or functions, is punishable by imprisonment for not more than ten years, or by a fine of not more than five thousand dollars, or both."

The indictment charges that the defendants, on or about November 11, 1928, unlawfully offered a bribe in the sum of $10,000 to George U. Harvey, who was a person executing the functions of a public office, he being an alderman of the city of New York and also being president-elect of the borough of Queens, to which office he had been duly elected on November 6, 1928, for a term of one year beginning January 1, 1929, and that the said bribe was offered with intent to influence the said Harvey in the exercise of his powers and functions as such public officer to favor certain contractors whom the defendants represented in the awarding of contracts for public improvements to be thereafter performed in the borough of Queens.

The prosecution offered evidence tending to establish the charge, and the defendants both testified that no bribe had been offered by them, their claim being that the money tendered Harvey was procured at his request to defray his campaign expenses.

An extended review and consideration of the evidence is not deemed necessary because the court is in accord that the judgment must be reversed and the indictment dismissed upon the law.

Two reasons are presented which, it is argued, call for this determination: *First,* because the alleged bribe was offered on November 11, 1928, at which time it is contended Harvey was not a person executing the functions of a public office, his term as borough

president not beginning until January 1, 1929, and he, at that time, not having taken his oath of office; *second*, that the bribe was alleged in the indictment to have been offered without the State of New York, namely, at New Milford, Conn., and that, therefore, the alleged crime was not punishable within this State.

Counsel for the appellants insist that, construing section 378 of the Penal Law according to the fair import of the language used (Penal Law, § 21), no argument is needed to demonstrate that Harvey was not executing any of the functions of the office of borough president of the county of Queens on November 11, 1928; that it is impossible for a person to execute the functions of a public office before he takes that office; that on November 11, 1928, Bernard Patten was borough president and he was the only one who could execute the functions of that office at that time; that Penal Law, section 1820, makes it a crime for a person to execute the functions of his office even after the commencement of his term of office without filing his oath and giving the required security.

It is further asserted that no case can be cited or text book produced to support the doctrine that a person may execute the functions of his office before his term of office begins.

Consideration of the various sections of the Penal Law referring to bribery is interesting and suggestive in this connection. It seems to have been the purpose of the Legislature to provide against bribery by adopting different sections of the Penal Law referring to executive officers, to judicial officers and to members of the Legislature, and section 1837 of the Penal Law provides that the sections of article 170 of the Penal Law which relate to executive officers apply also to administrative officers. Penal Law, section 1823, provides as follows:

" § 1823. Asking or receiving bribes. An executive officer, or person elected or appointed to an executive office, who asks, receives or agrees to receive any bribe, upon an agreement or understanding that his vote, opinion or action upon any matter then pending or which may by law be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in a State prison not exceeding ten years, or by a fine not exceeding five thousand dollars, or by both; and in addition thereto forfeits his office and is forever disqualified from holding any public office under this State."

Section 1822 provides as follows:

" § 1822. Giving or offering bribes. A person who gives or offers a bribe to any executive officer of this State with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer, is punishable by imprisonment in a State prison not

exceeding ten years, or by fine not exceeding five thousand dollars, or by both."

It will be noted that section 1822 distinctly omits the words quoted in section 1823, namely, " or person elected or appointed to an executive office."

Section 1327 of the Penal Law is as follows:

" § 1327. Bribery of members of the Legislature. A person who gives or offers, or causes to be given or offered, a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, to a member of the Legislature, or attempts, directly or indirectly, by menace, deceit, suppression of truth, or other corrupt means, to influence a member to give or withhold his vote, or to absent himself from the house of which he is a member, or from any committee thereof, is punishable by imprisonment for not more than ten years, or by a fine of not more than five thousand dollars, or both."

After thus providing, it would seem that the Legislature adopted section 378 of the Penal Law as an omnibus section, providing against bribing all persons executing any of the functions of a public office, which persons were not included in the other sections mentioned. The district attorney argues that this section is broad enough to include persons not in office and should be construed to apply to those who have been elected to public office, but who have not assumed the duties of the office or been sworn in, as in the case of Harvey. No case, however, is cited which holds to this effect. Other cases are cited which will be referred to later which it is claimed are analogous. It is asserted that, if this construction is not given to section 378, then it becomes perfectly lawful to offer bribes to an elected public official at any time after his election and up to midnight of December thirty-first, and it is argued that it could not have been the intention of the Legislature to permit any such situation as this. Appellants' counsel states that this does not help the prosecution; that bribery is a statutory crime and cannot be punished unless covered by some statute, and the case of *People* v. *Salomon* (212 N. Y. 446, 451) is cited, where Judge HOGAN, in the course of his opinion, said: " While the crime of bribery is one affecting the public interests, still a person charged with an offense the punishment of which will deprive him of his liberty is entitled to have the People point to a statute clearly defining the crime charged against him."

It seems to me quite significant that while, in section 1823, the Legislature used language sufficiently broad to make it a crime for one to ask or receive or agree to receive a bribe after he was

elected to an executive office, even before he took that office, such provision was omitted from section 1822 and section 378. It was quite possible to make the other sections referred to conform to the provisions of section 1823, but for some reason the Legislature has not done so, and, as pointed out, even in the case of section 1823, while it is made a crime for a person elected or appointed to an executive office to ask or receive or agree to receive a bribe, there is no provision covering one who attempts to bribe a person thus situated. The appellants argue that the case of *United States* v. *Dietrich* (126 Fed. 676) is directly in point. In that case the opinion was written by Justice VAN DEVANTER before he became a justice of the United States Supreme Court. The defendant Dietrich was elected United States Senator on March 28, 1901. On December 2, 1901, he took the oath of office as Senator and on the same day was sworn in as United States Senator. The Senate was not in session between the day of his election and the day of his taking the oath, and it was charged that during this period the defendant agreed to receive a bribe with reference to procuring and aiding to procure for one Fisher the office of postmaster. The statute under which he was indicted, namely, section 1781 of the United States Revised Statutes, provided that every member of Congress who directly or indirectly takes, receives or agrees to receive from any person a bribe to influence him in procuring or aiding to procure for another any contract, office or place from the Government, was guilty of bribery, and the question presented to the court was whether the defendant was a member of Congress at the time of the commission of the acts charged. It was held that he was not and the reason given was that, inasmuch as the United States Constitution (Art. 1, § 5, subd. 1) made each House of Congress the exclusive judge of the election and qualification of its members, it could not be said with certainty that Dietrich would ever be admitted to a seat in the Senate; that he might be stopped at the door and turned away, as recently was Senator Vare. The court also discussed other provisions of such section 1781, not involved under the indictment, which related to bribes with reference to the official duties of members of Congress, similar to our section 378 of the Penal Law.

The People, however, distinguish that case by calling attention to the fact that no such situation existed in the case of Harvey. He was elected by the people and nothing by way of action on the part of anybody could prevent his becoming borough president on January 1, 1929. In my opinion, the distinction made is plain and I do not believe that the *Dietrich* case is a precedent in the case before us. The *Dietrich* case turned upon the particular clause of the statute under which the defendant was charged in the indict-

ment. Even this distinction seems to have been modified by the revision of the Federal statute. (See U. S. Crim. Code [35 U. S. Stat. at Large, 1108, 1152], §§ 110, 112, 335; now U. S. Code, tit. 18, §§ 199, 202, 541.)

The prosecution maintains that Harvey was a person executing the functions of a public office on November eleventh, within the meaning of section 378 of the Penal Law, by virtue of his election as borough president, and because he was actually executing one or more functions of that office. If, however, this contention be overruled, then it is insisted that as an alderman, Harvey was a member of the local board which had jurisdiction in initiating sewer and other public improvement work, and thus he bore some official relation to the subject-matter of the bribery.

After reviewing in a very interesting manner the course of legislation in this State on the subject of bribery, it is stated by the district attorney that it is apparent that it was the intention of the Legislature to enlarge from time to time the statutes on bribery so as to make them as far-reaching as possible, with one idea in mind, namely, to protect the public interests, and that, when the Legislature employed in section 378 of the Penal Law the words " person executing any of the functions of a public office," it adopted words of the most comprehensive meaning and enlarged rather than restricted the separate statutes previously existing, and by the employment of those words it intended that they should apply to every case where the person sought to be bribed was connected with public office, and he cites in this connection *People* v. *Furlong* (140 App. Div. 179; affd., 201 N. Y. 511); *People* v. *Jackson* (191 id. 293); *People* v. *Lafaro* (250 id. 336); *People* v. *Clougher* (246 id. 106); *People* v. *Salomon* (212 id. 446).

In every one of these cases, it is asserted, the court swept away all narrow distinctions and technical objections and affirmed the convictions of bribery in the interests of the people.

It is then argued that, with this construction in mind, the defendants were properly indicted, under Penal Law, section 378. It is insisted that Berg dealt with a subject over which Harvey had actual jurisdiction at the time his " decision " was to be made. Everything he expected and intended was to be done in Harvey's official capacity. Because Harvey may not have had the present power to act presently did not change the situation. He had the present power by virtue of his election to act at the time to which the bribe related. The favoritism at Harvey's hands had reference to matters which would necessarily arise in the future, just as the bribe offered in the case of *People* v. *Furlong* (*supra*) had reference to the decisions of the defendant in that case, to be made

as to a general course of future conduct in cases not then actually pending before him; that Harvey presently had the power of executing the functions of a public office at the time when the object of the bribe was to take effect, and such power was not dependent upon an appointment, an election or the will of a legislative body to which he is accredited, as in the case of *United States* v. *Dietrich* (*supra*), referred to by appellants, or any other circumstance. And the object of the bribe offer alleged in the indictment related not to a time preceding the commencement of Harvey's term, but was impossible of execution until after such commencement.

It is contended that *Matter of Guden* (71 App. Div. 422; affd., 171 N. Y. 529) supports this contention. Guden was removed from office as sheriff by the Governor of the State under the constitutional provision that " The Governor may remove any officer, in this section mentioned, within the term for which he shall have been elected." (Const. art. 10, § 1.) The charge against Guden was for corrupt action occurring before he was sworn in as sheriff, and Guden began the statutory proceeding to recover certain books and papers appertaining to the sheriff's office from Dike. The Special Term held that he could not be removed by the Governor for the acts charged against him because they occurred before he became sheriff. On appeal to the Appellate Division, this decision was reversed, and it was held that, although the Constitution failed to specify the causes of removal, it meant that removal might be had for such acts as affected the usefulness of the incumbent as a public officer and that the corrupt agreement charged against Guden related to his action after he should become sheriff; and so the court concluded that a corrupt promise made before election, on the part of Guden, to exercise his official powers in a particular way, afforded a sufficient basis in law for the removal of the sheriff by the Governor under the constitutional provision because such a corrupt agreement necessarily affected the usefulness of Guden in the conduct of his office.

On appeal to the Court of Appeals the decision of the Appellate Division was affirmed, but on the ground that the courts were without power to review the action of the Governor in removing the sheriff. The district attorney here, however, argues that the language used in the opinion of the Appellate Division referred to shows clearly that the defendants were properly indicted under Penal Law, section 378, because the time of the performance of the corrupt act sought to be performed is the decisive question; and it is asserted that the present case is even stronger than the *Guden* case because here Harvey was elected at the time of the bribe, while Guden was not. The trouble about this argument

is that there is a vast difference between the constitutional provision and the language of Penal Law, section 378. The question involved in the *Guden* case was as to the construction to be given to the constitutional provision referred to, whether the Governor had power to remove for an act committed prior to the commencement of his term. I cannot see that that case helps to solve the question before us, namely, was Harvey executing the duties of a public office on November 11, 1928, before he assumed that office?

The district attorney also maintains that the opinions of the judges of the Court of Appeals in the famous impeachment case against Sulzer as Governor are helpful to his contentions. The charges against Govenor Sulzer were for willful and corrupt misconduct prior to the time when he became Governor. Section 12 of the Code of Criminal Procedure defines the jurisdiction of the Court for the Trial of Impeachments. It provides as follows:

" § 12. Its jurisdiction. The Court for the Trial of Impeachments has power to try impeachments, when presented by the Assembly, of all civil officers of the State, except justices of the peace, justices of Justices' Courts, police justices, and their clerks, for willful and corrupt misconduct in office."

During the trial a vote was taken upon the question as to whether Sulzer could be tried for willful and corrupt misconduct prior to the time he became Governor. Four of the judges voted " no " and five voted " yes," but this was upon the ground that they held the section of the Code of Criminal Procedure referred to to be unconstitutional in limiting the court to a consideration of corrupt misconduct while in office. Apparently, all of the judges were in accord that the filing of false election returns was not misconduct while in office, but the majority held that the Legislature could not limit the powers of the Court for the Trial of Impeachments, as had been attempted by section 12, above quoted. The argument here is that a majority of the judges of the Court of Appeals were in favor of the proposition that the Governor could be removed for offenses committed prior to the commencement of his term, and it is asserted that the point in the *Sulzer* case which is applicable to the case at bar is that the period between election day and the commencement of the term of the Governor was virtually part of his official career. In this I cannot concur. It seems to me that a majority of the judges of the Court of Appeals in the *Sulzer* case held that the limitation expressed in section 12 of the Code of Criminal Procedure was unconstitutional and that, under the Constitution (Art. 6, § 13; now art. 6, § 10, as amd. in 1925), impeachable offenses were not limited to those committed in office.

I cannot see how this aids the prosecution in the contention that Harvey, on November 11, 1928, was executing the functions of a public office.

Several cases are also cited involving statutes providing against the bribery of grand and petit jurors which he states are analogous and tend strongly to support his contention. These cases are *United States* v. *Russell* (255 U. S. 138); *People* v. *Newmark* (312 Ill. 625); *State* v. *McCrystol* (43 La. Ann. 907); *State* v. *Maddox* (80 S. C. 452); *Marvin* v. *Given* (126 Iowa, 355). They are quite similar as to their facts. The defendants were indicted for bribing or attempting to bribe grand or petit jurors, and the statute in each case made it a crime to bribe or offer to bribe a grand or petit juror, and it appears that these bribes or offers to bribe were made or given prior to the time that the jurors were sworn but after the time that they were summoned to court, and the court, while considering that the strict definition of a juror was a person sworn to perform jury duty, held that the statutes employing the word " juror " should not be so closely restricted; that it was broad enough to cover a case where the juror had been summoned but not yet sworn; that, after a person has been selected and drawn as a juryman according to statute, he is no longer merely one of the great body of citizens possessing qualifications of a juror who may or may not be called upon for jury service, but he is, from the time he is drawn until discharged, directly identified with the administration of justice.

These cases, I think, come closest to the situation presented by the present appeals. Still, it is apparent that there is a great difference between the court's construction of these statutes relating to jurors and the construction for which the prosecution contends respecting Penal Law, section 378. When we use the term " juror," we do not always refer to a person performing the duties of a juror after he is sworn. We commonly refer to the persons summoned to act as jurors, and, consequently, the language of these statutes was such that it was quite reasonable to construe them as the court did in upholding the convictions in those cases. In the present case, in order to sustain the convictions, we must hold that it is possible for a person to execute the functions of a public office before he is sworn and before he assumes the duties of that office; in other words, before his term begins. This is far different from construing the word " juror " to mean a person drawn for jury duty as well as one sworn for that purpose. The prosecution also refers to the very recent case of *People* v. *Lafaro* (250 N. Y. 336). In that case a policeman in the village of Waverly, Tioga county, was offered money to induce him not to invoke the Federal

law against one charged with violating its provisions. It was contended that it was not the duty of the police officer to complain or institute a prosecution in the Federal court for a violation of the Volstead Act, and that such an act on the part of the policeman could not be regarded as being performed in the exercise of his powers as a public officer of the State, and that, consequently, an offer to bribe him not to do so did not constitute bribery.

The Court of Appeals rejected this contention and, in the course of the opinion, Judge LEHMAN said: " Juridical concepts may not blind us to actual conditions. * * * Though we should assume that the law of the State does not require the police officer to suppress a violation of the Federal law, the question still remains whether complaint to the Federal authorities of a violation discovered by the officer in the course of his duty is not part of the function of a State police officer, at least where continued violation tends to affect the public health, morals or order.

" The answer to that question seems to us quite clear. The gist of the crime of bribery is the wrong done to the people by corruption in the public service. None can doubt that this defendant sought corruptly to influence a police officer in the performance of an act which, it is evident, the defendant, the police officer and the Governor of the State considered a public duty owed by a public servant. We have given to the statutory definition of bribery a construction broad enough to cover cases where a public officer has accepted a bribe to act corruptly in a matter to which he bears some official relation, though the act itself may be technically beyond his official powers or duties. (*People* v. *Jackson*, 191 N. Y. 293; *People* v. *Clougher*, 246 N. Y. 106.) "

The prosecution points to the language quoted above and maintains that it is a convincing argument in favor of the construction contended for, and it is argued that Harvey certainly bore some official relation to the object of the bribe, and the act to which the bribe related was neither technically nor otherwise beyond his official powers or duties at the time of the execution of its object.

Again, it appears to me that that case is not very helpful to the prosecution. The policeman in the *Lafaro* case was certainly a public officer engaged in the performance of his duties when the bribe was offered to him, and it was offered for the purpose of influencing him in the discharge of his duties, and the Court of Appeals said that the duty to take notice and report violation of the Volstead Act must be considered as one of the duties which the policeman, as a servant, owed the community. The trouble about this and all the other cases cited by the prosecution is that, in all of them, the person bribed or whom it was attempted to bribe

was in office and actually discharging the duties of his office, and none of these cases, I think, can be regarded as upholding the doctrine, contended for by the prosecution, that it is possible for a public officer to execute the functions of his office before his term of office begins.

It is also stated that if the construction contended for by the prosecution is not given to the section in question, then it is practically meaningless. I do not think so, and I believe that one of the cases cited, namely, *People* v. *Salomon* (212 N. Y. 446), furnishes an example of a case where Penal Law, section 378, applies. In that case it was charged that Salomon tried to bribe one Rooney, who was not a public officer, but was a private detective connected with the district attorney's office in New York county. A certain bail bond had been forfeited and judgment had been entered and an order for examination of the judgment debtor had been made and was handed to Rooney for service, and the defendant Salomon offered Rooney money to refrain from serving the order; and the question was raised that Rooney, being an employee in the district attorney's office, was not executing the functions of a public office within the meaning of section 378 of the Penal Law. The Court of Appeals, by a divided court, held that it was the duty of the district attorney to enter judgment upon a forfeited bail bond and take proceedings to collect the same, and that anything necessary to carry out this duty necessarily was a function of the office held by the district attorney, and that he might delegate certain employment to an appointee to carry out this duty and that the appointee, while performing such duty, was executing the functions of a public office.

That case certainly furnishes an example of the proper application of Penal Law, section 378. As already stated, I think it was the purpose of the Legislature, by this section, to cover those cases not included in Penal Law, sections 1327, 1822, 1823, but, in order that section 378 shall apply, the person involved must be actually engaged in executing the functions of a public office, and this cannot be possible until the term of the office has been actually begun. It would appear to be unfortunate that the bribery laws now contained in the Penal Law are not sufficiently broad to cover the case before us. Why the Legislature in Penal Law, section 1823, provided against bribery of a person elected or appointed to an executive office and failed to use similar language in section 1822, is not explained, but it would seem that it could not have been the result of carelessness, in view of the similar character of the crimes defined in these two sections. Section 1822 excludes from the list of persons falling within its provisions those who give

or offer a bribe to an executive officer when the bribe is refused by the latter, and the same situation is presented by Penal Law, section 378. The words " or person elected or appointed to a public office " do not appear in this section. The omission of these words in section 378, in view of the language in sections 1822 and 1823, seems to me to be a strong argument for the construction of section 378 contended for by the appellants.

As to the claim that the alleged bribe was offered to influence Harvey's action as an alderman, it is sufficient to say that in all probability Harvey ceased to be an alderman when elected borough president, but, in any event, the proof presented by the prosecution left no doubt that the alleged bribe was offered to Harvey for the purpose of influencing his action as borough president and not as alderman.

In the view we take of the insufficiency of the indictment, it becomes unnecessary to decide whether the crime' alleged was punishable in this State.

The judgment of conviction of the County Court of Queens county should be reversed upon the law and the indictment dismissed and defendant's bail exonerated. The appeals from the order denying defendants' motion to remove the indictment from the County Court of Queens county to the Supreme Court, and the order denying a motion that defendants be furnished with a copy of the grand jury minutes, should be dismissed as unnecessary.

LAZANSKY, P. J., RICH, KAPPER and HAGARTY, JJ., concur.

In each case: Judgment of conviction of the County Court of Queens county reversed upon the law, indictment dismissed and defendant's bail exonerated. Appeal from the order entered March 5, 1929, denying defendant's motion to remove the indictment from the County Court of Queens county to the Supreme Court, and also from an order entered March 11, 1929, denying a motion that defendant be furnished with a copy of the grand jury minutes dismissed as unnecessary.